James Oliver NEAL, Petitioner-Appellant,

v.

STATE OF GEORGIA, etc., et al.,
Respondents-Appellees.
No. 71-3093.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1972.

Roger Groot, Athens, Ga. (court appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen. of Ga., Atlanta, Ga., for respondents-appellees.

Before WISDOM and INGRAHAM, Circuit Judges, and BOOTLE, District Judge.

WISDOM, Circuit Judge:

James Oliver Neal is an inmate in Reidville Prison, Georgia. On August 6, 1971, he filed a § 1983 complaint handprinted in the neat lettering and naive language characteristic of pro se pleadings of a prisoner. He alleged that he was denied the right to correspond with Mrs. Rosalie McGlaun, Sr., his spiritual advisor, who had been giving him Bible lessons. The complaint was entitled: "Motion for Leave to Proceed in Forma Pauper. Complaint and Petition For Law Suit ($25,000.00) For Violation of First Amendment of U. S. Constu." He named as defendants, "The State of Georgia and concerned agents, et al. Respondent-Defendant, Kendrick Memorial Baptist Church, Columbus, Ga., and Mrs. Beulah L. Baten (and) Mrs. Rosalie McGlaun, Sr. . . . Co-Respondent[s]". That same day the district court, on its own motion, issued an order directing the Clerk of Court to file the petition for record purposes only and dismissing the action. The order was based on the grounds that the complaint was frivolous and failed to state a claim under the Civil Rights Act. The court concluded that the action could best be disposed of by reaching

the merits. On the merits (1) "the right to an education", which Neal asserted, "is not among those rights guaranteed by the Federal Constitution", and (2) "the administration of prison mail is entirely within the discretion of the prison officials and that discretion will not be interfered with unless the prisoner is prohibited from securing relief from illegal detention or treatment". This Court granted Neal's motion to appeal in forma pauperis from the district court's order of dismissal. On appeal Neal was represented by competent counsel from the University of Georgia School of Law. We reverse and remand. The State of Georgia is dismissed as a party defendant.

## I.

■ The appellant concedes that the State of Georgia is not a proper party under the Eleventh Amendment and will have to be dismissed from this action. This dismissal does not end, it begins, the steps the plaintiff must take to have his day in court. Ex parte Young, 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, established the principle that individual officers of a state may be sued when they act unconstitutionally under color of state law. The theory of the action is that when

> the officer . . . comes into conflict with the superior authority of the Constitution, . . . he is . . . stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.

209 U.S. at 160, 28 S.Ct. at 454.

This may be a fiction, but like a lot of other legal fictions it is useful. In such cases as Ex parte Young or Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, or prisoners' complaints against state officials it is a fiction necessary for the preservation of federal constitutional rights.

In the caption of the complaint Neal named as defendants "The State of Georgia and concerned agents, et al."

In a statement entitled "Relevant Information", attached to the complaint, Neal named Lanson Newsome as the "authorized agent and official of the State of Georgia" who "forced petitioner to stop writing and corresponding with Mrs. Rosalie McGlaun, Sr.". Neal alleged also that he served the warden of the prison by handing a copy of the complaint to his agent, i. e. Newsome, Assistant Warden. These two state officials are the "concerned agents" referred to in the caption of the complaint. The district court's order states that Newsome was the Director of Classifications at the Georgia State Prison during the period complained of in this action. Damages are sought against Newsome and an injunction against his successor in office. The certificate of counsel required by Rule 15 states that S. Lamont Smith was the warden of the prison during the period complained of; that the petitioner seeks an injunction against Smith and his successor in office, E. B. Campbell.

■■ A prisoner's *pro se* complaint against his keepers is held "to less stringent standards than formal pleadings drafted by lawyers". Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652. The district judge's order shows that he read the complaint liberally. He recognized that the "prisoner contends that the various defendants, especially Lanson Newsome as an agent of the State of Georgia, has violated his First Amendment rights to freedom of religion and his freedom of higher education". We conclude that although the district court correctly read the complaint as an action against the individual state officers (at least Newsome), it would be in the interest of orderly procedure for the district court to allow the petitioner to amend his complaint by naming the warden and his assistant as defendants. At the same time competent counsel now representing the plaintiff should clarify the allegations of the complaint relating to the issues presented and the nature of the relief requested. 28 U.S.C. § 1653

provides that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts". The complaint was filed for record purposes only, no responsive pleading by the prison officials has yet been required, and the defendants will not have lost any rights by this action of the Court.

## II.

The more basic aspect of this case is the plaintiff's right to a day in court on serious constitutional issues.

Neal says in his complaint that he was baptized in the Kendrick Memorial Baptist Church of Columbus, Georgia, in September 1965. For two years he studied the Bible and participated in church activities. In August 1967 his sister, Mrs. Beulah Neal McGlaun, Jr., suggested that he take a biblical correspondence course conducted by the Garden Oaks Church of Christ in Houston, Texas. While taking this course he sought and received instruction from his sister concerning questions that occurred to him relating to the course. She could not answer all of his questions. Accordingly, she referred him to "another elderly lady", Mrs. Rosalie McGlaun, Sr. For a year and a half Mrs. McGlaun, Sr. guided his biblical studies and served as his spiritual advisor. Then, "Mr. Lanson Newsome of the Georgia State Prison at Reidsville, Georgia, did strict [sic] and remove 'Mrs. Rosalie McGlaun, Sr.' from and off petitioner's mailing list." He contends that "said official has and is frustrating and dening [sic] petitioner, the rights to gain knowledge of the Holy Bible". He asked the Court to order that he be permitted "the immediate rights and privileges to commence corresponding with Mrs. Rosalie McGlaun, Sr." Neal also asked for $25,000 in damages "to be paid by the respondent and defendant".

Courts "are very properly loathe to interfere in the internal administration of the prisons, and wide discretion is allowed prison officials in maintaining order and discipline. . . . ." Campbell v. Beto, 5 Cir. 1972, 460 F.2d 765 [1972]. But Chief Judge Brown ended that sentence in *Campbell:* "[However] our constitutional duties require that the courts be ever vigilant to assure that the conditions of incarceration do not overstep the bounds of federal constitutional limitations." He added, "the important thing here is that there is the right subject to substantive standards applying to all civil litigation for a prisoner to be heard on asserted claims". *Campbell* is similar to the instant case. There the district court refused to allow the complaint to be docketed without prepayment of costs, dismissed the case for failure to state a claim on which relief could be granted, and refused to allow an appeal in forma pauperis. This Court held that the district court erred in dismissing the complaint on the pleadings without affording the petitioner an opportunity to present evidence to substantiate his very serious allegations.

Many, many decisions have held that prisoner petitions, no less than other petitions, may not be dismissed " 'unless . . . [the prisoner] would not be entitled to recover under any state of facts which could be proved in support of his claim' ". Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir. 1971, 451 F.2d 505. See Campbell v. Beto, and the cases there cited. 460 F.2d 765.

In Haines v. Kerner, 1972, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, the Supreme Court recently succinctly stated the test for dismissal of a prisoner's complaint:

Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however, inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it ap-

pears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, [78 S.Ct. 99, 2 L.Ed.2d 80] (1957). See Dioguardi v. Durning, 139 F.2d 774 (C.A. 2 1944).

 Here too we cannot say that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. Under the First Amendment he has the right to exercise his religion. In Cooper v. Pate, 1964, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030, the Supreme Court held that refusal to permit a prisoner access to religious publications stated a cause of action. In Walker v. Blackwell, 5 Cir. 1965, 411 F.2d 23 this Court held that inmates of the Federal Penitentiary in Atlanta were entitled to subscribe to the Muslim paper, "Muhammed speaks". Moreover, in that case the Court ordered prison officials to permit any Black Muslim to correspond with Elijah Muhammed for the purpose of seeking spiritual advice.

Because of Neal's imprisonment, authorities may exercise reasonable restraints. Walker v. Blackwell, 5 Cir. 1965, 411 F.2d 23. But if there is no question of security or discipline involved as to Neal and no other conflicting and compelling state interest, the State may not curtail his First Amendment Rights. We cannot say with assurance that the termination of Neal's correspondence with his biblical teacher was not so arbitrary and capricious as to be a violation of the process clause of the Fourteenth Amendment. And, if prisoners who are Muslims, or Baptists, or members of any religion are corresponding with their spiritual advisors and receiving religious instructions, Neal may have been deprived of equal protection of the laws.

In short, on the face of the complaint and making some allowance for the inartfulness of the prisoner's draftsmanship, we hold that the plaintiff may be able to prove a set of facts in support of his claim which will entitle him to relief.

The district court did not articulate its reasons for holding that the complaint was frivolous. Apparently, the court took the position that the alleged failure to show a remediable wrong was so obvious as to render the case frivolous.

We intimate no view whatever on the merits of the plaintiff's contentions. We conclude only that he is entitled to amend his complaint and to offer proof in support of his contentions. The judgment of dismissal is vacated and the case is remanded for further proceedings consistent herewith.

As noted earlier, the State of Georgia is dismissed as a party defendant.

Reversed and remanded.