Pat **WRIGHT** and Jack Lieberman, **Plaintiffs-Appellants,**

v.

**CHIEF OF TRANSIT POLICE, and Chairman and Members of the Board of the New York City Transit Authority, Defendants-Appellees.**

**No. 88, Docket 75–7219.**

United States Court of Appeals, Second Circuit.

Argued Nov. 13, 1975.

Decided Jan. 15, 1976.

Herbert Jordan, New York City (Rabinowitz, Boudin & Standard, New York City, of counsel), for plaintiffs-appellants.

Stuart Riedel, Brooklyn, N. Y. (James P. McMahon, Brooklyn, N. Y., Nancy A. Serventi, New York City, Terrance J. Nolan, Brooklyn, N. Y., of counsel), for defendants-appellees.

Before FEINBERG, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Plaintiffs are members of the Socialist Workers Party who have been denied permission to personally sell socialist newspapers in New York City subway stations.[1] Defendants contend that this activity is prohibited by Transit Authority regulations.[2]

Plaintiffs sought equitable relief in the District Court for the Eastern District of New York, relying on 42 U.S.C. § 1983 (1970) and the First Amendment. In an unreported opinion dated April 4, 1975, Judge Bruchhausen denied plaintiffs' motion for a preliminary injunction, on the ground, *inter alia,* that the court lacked subject matter jurisdiction under 28 U.S.C. § 1343 (1970) because the New York City Transit Authority is not a "person" within the meaning of § 1983. Although we affirm the denial of the preliminary injunction, the lower court's holding that no jurisdiction existed was incorrect; and we therefore remand for trial.

▮ Whatever may be true of the Transit Authority as an agency, *compare Sams v. New York State Board of Parole,* 352 F.Supp. 296, 298–99 (S.D.N.Y. 1972), *with Forman v. Community Services, Inc.,* 500 F.2d 1246, 1255 (2d Cir. 1974), *rev'd on other grnds. sub nom. United Housing Foundation, Inc. v. Forman,* 421 U.S. 837, 846 n. 11, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975), the named defendants, acting in their official capacity, are "persons" within § 1983. *See Erdmann v. Stevens,* 458 F.2d 1205, 1207–08 (2d Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972). Moreover, as the individuals responsible for the enforcement of the Transit Authority policy challenged here, defendants play a substantial role in the deprivation of civil rights alleged by plaintiffs.[3] Accordingly, we hold that the

---

1. Plaintiffs' method of selling is to display the papers by hand, offering them to nearby individuals and attempting to engage interested persons in conversation relating to the papers' contents or socialism in general.

2. 22 New York Codes, Rules and Regulations § 1051.9(a) provides:

    No person shall in any transit facility or upon any part of the New York City transit system, exhibit, sell or offer for sale, hire, lease or let out any object or merchandise, or anything whatsoever, whether corporeal or incorporeal.

3. Though the regulation in question was promulgated by an earlier board, when, as here, the members of the present board possess the power to change these regulations and the lawsuit is for equitable relief only, this fact is irrelevant.

court below has jurisdiction over this suit under 28 U.S.C. § 1343(3) (1970).[4]

Judge Bruchhausen also found that plaintiffs had failed to demonstrate the irreparable injury necessary for the granting of a preliminary injunction, and the denial of plaintiffs' motion on such grounds was within his sound discretion. *Kontes Glass Company v. Lab Glass, Inc.,* 373 F.2d 319, 320 (3rd Cir. 1967). Appellants themselves have indicated that they will not be damaged irreparably by waiting for trial. At oral argument, their counsel stated that the appeal would not have been taken at all had the lower court not held that it lacked jurisdiction over the case. Even if Judge Bruchhausen had found plaintiffs entitled to interim relief, it is doubtful that he could have fashioned it effectively on the information before him. Plaintiffs conceded in substance in their moving papers below that any preliminary injunctive relief granted must be "subject to reasonable regulation as to specific time, manner and place of selling within the [subway] stations," and they do not now contend that the District Court possessed the facts essential to this determination.

Analysis of the merits of this case would be premature in its present posture. Defendants express justifiable concern about passenger safety and convenience, space limitation and the possible inundation of their limited facilities by others who would seek the same rights as plaintiffs. However, it is possible that this concern can be accommodated by less than a complete proscription of plaintiffs' activities. While the time, manner and place of solicitation may be regulated, before it can be totally banned, a compelling state interest must be shown. *Albany Welfare Rights Organization v. Wyman,* 493 F.2d 1319, 1323 (2d Cir.), *cert. denied,* 419 U.S. 838,

95 S.Ct. 66, 42 L.Ed.2d 64 (1974). Whether such a state interest exists herein must await development of the proof.

We affirm the denial of plaintiffs' motion for a preliminary injunction and remand to the District Court for expeditious trial.

4. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), cited by defendants, do not require a contrary result. Indeed, in *Monroe,* the Court permitted a suit against Chicago police officers; in *City of Kenosha,* the Court was careful to point out that the only defendants named in the complaint were municipalities. 412 U.S. at 508, 512, 93 S.Ct. 2222.