Born ALLAH, # 47705, Plaintiff,

v.

The COMMISSIONER OF DEPT. OF CORRECTIONAL SERVICES, Dept. of Corrections, Media Review Committee and Clinton Correctional Facility Media Review Committee, Defendants.

No. 76–CV–451.

United States District Court,
N. D. New York.

March 27, 1978.

Born Allah, pro se.

Louis J. Lefkowitz, Atty. Gen., Albany, N. Y., for defendants; George William Howard and Jack W. Hoffman, Asst. Attys. Gen., Albany, N. Y., of counsel.

## MEMORANDUM—DECISION AND ORDER

MUNSON, District Judge.

This is a civil rights action brought by a state prison inmate pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff alleges that his First and Fourteenth Amendment rights have been violated because there was substantial delay in his receipt of two issues of a magazine entitled "The Militant" and because he was denied receipt of a third issue of this magazine. The latter issue was withheld from plaintiff because it allegedly incited disobedience towards law enforcement officers or prison personnel in violation of guideline # 6 of Administrative Bulletin # 60 of the New York State Department of Correctional Services. Plaintiff claims that the rules concerning the withholding of magazines from prisoners

are invalid both on their face and as applied in this case. He seeks declaratory relief and punitive damages. Defendants move to dismiss the Complaint on the ground that the Complaint fails to state a claim upon which relief can be granted.

■ First of all, defendants argue that the Department of Corrections, the Media Review Committee, and the Clinton Correctional Facility Media Review Committee are not "persons" within the meaning of 42 U.S.C. § 1983. It is well established that state agencies are not "persons" for purposes of the Civil Rights Acts. *Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973), *cert. denied*, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974) (Bureau of Corrections); *Olson v. California Adult Authority*, 423 F.2d 1326 (9th Cir. 1970); *Zuckerman v. Appellate Division*, 421 F.2d 625 (2d Cir. 1970); *O'Reilly v. Wyman*, 305 F.Supp. 228 (S.D.N.Y.1969) (Department of Social Services); *Glancy v. Parole Board of Michigan Department of Corrections*, 287 F.Supp. 34 (W.D.Mich.1968). This is true whether the relief being sought is injunctive and declaratory relief or damages. *Cf. City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

■ The Department of Corrections (which is properly entitled the Department of Correctional Services) is clearly an agency of the state government. The two media review committees, which were created by the Commissioner of the Department of Correctional Services pursuant to authority vested in him by New York Correction Law § 7(1), are also properly characterized as agencies of the state government. Hence, the Department of Correctional Services, the Media Review Committee, and the Clinton Correctional Facility Media Review Committee are not "persons" within the meaning of the Civil Rights Acts, and therefore, are not subject to suit.

■ Defendants argue next that defendant Commissioner of the Department of Correctional Services cannot be sued in his official capacity since that, in effect, is a suit against the State of New York and such a suit is not cognizable under 42 U.S.C. § 1983. It is well established that a state cannot be sued under § 1983. *Meredith v. State of Arizona*, 523 F.2d 481 (9th Cir. 1975); *Neal v. State of Georgia*, 469 F.2d 446 (5th Cir. 1972); *Meyer v. State of New Jersey*, 460 F.2d 1252 (3d Cir. 1972). A state is not a "person" within the meaning of this provision; and, in addition, a suit against a state is barred by the Eleventh Amendment.

■ A suit seeking money damages from a state official in his official capacity is, likewise, barred by the Eleventh Amendment since the damages that might be recovered would have to come from the state treasury; and, therefore, such a suit is, in reality, one against the state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Monell v. Department of Social Services*, 532 F.2d 259 (2d Cir. 1976), *cert. granted*, 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977); *Rothstein v. Wyman*, 467 F.2d 226 (2d Cir. 1972), *cert. denied*, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973). Accordingly, the suit for punitive damages from the Commissioner of the Department of Correctional Services cannot be maintained.

Defendants argue that a suit for declaratory relief against a state official in his official capacity is, likewise, barred. Defendants rely principally upon the Supreme Court's decision in *City of Kenosha v. Bruno, supra*. In that case, plaintiffs brought suit under 42 U.S.C. § 1983 for declaratory and injunctive relief against the cities of Racine and Kenosha. The district court held that it had jurisdiction under 28 U.S.C. § 1343, the jurisdictional counterpart to 42 U.S.C. § 1983, since only equitable relief was being sought. The Supreme Court reversed, holding that a city is not a person under § 1983 where equitable relief is sought as well as where damages are sought. Defendants argue that the same is true when the defendant is a governmental official sued in his official capacity. This argument is incorrect. While an inference might be drawn from *City of Kenosha v. Bruno, supra*, that an action under 42

U.S.C. § 1983 for declaratory or injunctive relief brought directly against a state would be barred, such an inference cannot be drawn with respect to an action for declaratory or injunctive relief brought against state officials in their official capacity. In *City of Kenosha v. Bruno, supra,* the Supreme Court specifically noted that the only defendants named in the Complaint were the municipalities of Kenosha and Racine. 412 U.S. at 512, 93 S.Ct. 2222. No government officials were named as defendants in that case.

■ Defendants' argument fails to recognize the distinction that has traditionally been made between suits seeking declaratory and injunctive relief directly from a state and suits asking for such relief against a state official in his official capacity. Suits seeking such relief directly from a state are barred by the Eleventh Amendment, while such suits against state officials are the traditional means of challenging the constitutionality of state statutes or state administrative actions in federal court. This distinction was recognized by the Supreme Court in the landmark case of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). In that case, the Court held that a suit seeking injunctive relief could be maintained against a state official who was threatening to enforce an allegedly unconstitutional state statute. The Court rejected the official's argument that such a suit is, in reality, one against the state and so is barred by the Eleventh Amendment. The decision in *Ex Parte Young, supra,* rests upon the fiction that a suit against a state official to restrain him from taking action in his official capacity is a suit against the individual official and not against the state. This is well established in federal constitutional law and is not in any way questioned by the Supreme Court's subsequent decision in *City of Kenosha v. Bruno, supra.*

■ Defendants do cite one case, *Grubbs v. White Settlement Independent School District,* 390 F.Supp. 895 (N.D.Texas 1975), aff'd, 531 F.2d 316 (5th Cir. 1976), which held that a suit for declaratory relief against the school superintendent and the school board trustees in their official capacities could not be maintained. The rationale of this decision appears to be contrary to the controlling Supreme Court precedents and has not been accepted by the Second Circuit. In a number of recent cases, the Second Circuit has indicated that suits for injunctive or declaratory relief under 42 U.S.C. § 1983 can be maintained against municipal or state officials sued in their official capacities. *Monell v. Department of Social Services, supra,* 532 F.2d at 264; *Wright v. Chief of Transit Police,* 527 F.2d 1262, 1263 (2d Cir. 1976); *Gresham v. Chambers,* 501 F.2d 687, 690 (2d Cir. 1974); *Erdmann v. Stevens,* 458 F.2d 1205, 1207–08 (2d Cir.), cert. denied, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972). Therefore, the suit against the Commissioner of the Department of Correctional Services in his official capacity for declaratory relief can be maintained.

The action can be maintained even though the Commissioner is not sued by name. Normally, when a public official is sued either in his individual or official capacity, he is sued by name rather than merely by title. However, Rule 25(d)(2), Fed.R.Civ.P., specifically allows a public officer, who is sued in his official capacity, to be described as a party by his official title rather than by name. Suits in this Circuit have been allowed where the public officer is named only by title. *See, e. g., Wright v. Chief of Transit Police, supra; United States ex rel. Selikoff v. Commissioner of Corrections,* 524 F.2d 650 (2d Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976).

■ Defendants' next argument is that the present suit is barred by the statute of limitations. It is only necessary to consider this contention with respect to the action against the Commissioner of the Department of Correctional Services for declaratory relief since the Court has decided that the other actions cannot be maintained. Since the Civil Rights Acts do not contain a statute of limitations, the period of limitations to be applied is that applica-

ble to the most similar state cause of action. *Kaiser v. Cahn*, 510 F.2d 282 (2d Cir. 1974); *Ortiz v. LaVallee*, 442 F.2d 912 (2d Cir. 1971); *Romer v. Leary*, 425 F.2d 186 (2d Cir. 1970). The most similar state cause of action to the present suit is an Article 78 proceeding. In such a proceeding, the Commissioner would have been subject to a writ of mandamus if the magazines had been wrongfully withheld from the plaintiff. New York CPLR § 217 provides a four-month statute of limitations for Article 78 proceedings. While the Second Circuit has indicated that the normal statute of limitations to be applied in a federal civil rights case is the three-year period provided by New York CPLR § 214(2) for liability based upon statute, *Kaiser v. Cahn, supra,* it has specifically left open the question whether the four-month limitation applicable to Article 78 proceedings is the kind of state statute of limitations to which a federal court would look. *Romer v. Leary, supra,* 425 F.2d at 187; *Swan v. Board of Higher Education,* 319 F.2d 56, 60 (2d Cir. 1963). However, it is unnecessary to decide this question, since the Complaint in the present case was timely filed even if New York CPLR § 217 is controlling. Plaintiff received notice on June 24, 1976, of the Media Review Committee's action in denying him receipt of the magazine. The Complaint in this action was formally filed by the Clerk on November 8, 1976, which is more than four months thereafter, but the Complaint was received by the Clerk's Office on September 7, 1976, which is within the applicable four-month period. An action is regarded as being commenced for limitations purposes on the date when the Clerk receives the plaintiff's Complaint, even though the Complaint is not formally filed by the Clerk until sometime later, because filing has to await a disposition of the plaintiff's motion for leave to proceed *in forma pauperis. Rosenberg v. Martin,* 478 F.2d 520, 522 n. 1a (2d Cir.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). Hence, the action against the Commissioner of the Department of Correctional Services for declaratory relief is timely.

Accordingly, the motion to dismiss the Complaint as to the Department of Corrections, the Media Review Committee, and the Clinton Correctional Facility Media Review Committee is granted. The motion to dismiss the Complaint as to the Commissioner of the Department of Correctional Services is granted with respect to the claim for punitive damages, but is denied with respect to the claim for declaratory relief. The Commissioner of the Department of Correctional Services is directed to serve an Answer to the Complaint within twenty (20) days of his receipt of this decision.

It is so ordered.