Clifton PROVET, Plaintiff,

v.

The STATE OF NEW YORK, the New York State Parole Commission, the New York State Department of Corrections and P. O. Stanislav Janousek, Defendants.

No. 81 Civ. 3521 (JES).

United States District Court,
S. D. New York.

Sept. 3, 1982.

Barrett M. Zeitlan, New York City, for plaintiff.

Robert Abrams, Atty. Gen., State of N. Y., New York City, for defendants; Alan S. Adolph, Asst. Atty. Gen., of counsel.

## OPINION

SPRIZZO, District Judge:

Plaintiff brings this civil rights action against the State of New York, the New York State Parole Commission, the New York State Department of Corrections, and Parole Officer Stanislav Janousek pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated because he was arrested, and subsequently incarcerated, without a valid arrest warrant and without being advised of his rights. Plaintiff appears to be asserting a violation of his rights under the Fourteenth Amendment. See Plaintiff's Affidavit in Opposition to Defendant's Motion to Dismiss at 5.

Plaintiff also alleges pendent state claims of conscious pain and suffering and false and malicious imprisonment, assault and unlawful arrest and seeks $5,000,000 in compensatory damages and $8,000,000 in punitive damages.

Defendants contend that the State of New York, the New York State Board of Parole and the New York State Department of Corrections cannot be sued under § 1983, because a state is not a "person" within the meaning of 42 U.S.C. § 1983 and because a suit against a state is barred by the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

■ It is well settled that state agencies are not "persons" for purposes of the civil rights statutes. *Allah v. Commissioner of Department of Correctional Services*, 448 F.Supp. 1123, 1125 (N.D.N.Y.1978). The New York State Parole Commission is an agency of the New York executive department, created and established by New York Executive Law §§ 240–242 (McKinney 1972 & Supp.1981). The New York State Department of Corrections (properly entitled the Department of Correctional Services) is also an agency of New York, created and established by New York Correction Law § 5 (McKinney Supp.1981). It follows that the State of New York, the New York

State Parole Commission and the Department of Correctional Services may not be sued under 42 U.S.C. § 1983. *See Diaz v. Ward*, 437 F.Supp. 678, 688 (S.D.N.Y.1977).

 It is also clear that the Eleventh Amendment bars plaintiff's claim. *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), relied on by plaintiff, is inapposite. That case merely held that attorneys fees may be awarded against the state in a § 1983 action. As the opinion of the Court in *Maher* makes clear, the award of attorneys fees, like the awarding of costs generally, does not violate the Eleventh Amendment. *Id.* at 131 n. 14, 100 S.Ct. at 2576 n. 14.

Defendants also raise the issue of insufficient service of process with respect to defendant Janousek.[1] That issue need not be reached because the Eleventh Amendment also bars any action against defendant Janousek, on the facts alleged. The complaint alleges that Janousek, while employed as a Parole Officer by the New York State Parole Commission, "was acting within the scope of his authority and within the course of his employment" and "on behalf of the State of New York" at the time the incident involving plaintiff occurred. Complaint ¶¶ 11, 12, 13, 16. Suits seeking money damages from state officials acting in their official capacity are for all practical purposes against the state, which will have to pay any damages imposed out of state funds.[2] *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 38 (2d Cir. 1977).

The only basis for subject matter jurisdiction alleged is 42 U.S.C. § 1983. Since this action may not be maintained under that statute, defendants motion to dismiss the complaint for lack of subject matter jurisdiction is granted. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

---

1. It appears that this issue is moot in any event since proper service was effected on Janousek after defendants filed this motion.

2. Defendants argue that Janousek, as a parole officer, is entitled to qualified immunity under 42 U.S.C. § 1983. It is not necessary to reach this question since the Eleventh Amendment bars this suit against Janousek.