Elizabeth A. TRUE, Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; Albion Correctional Facility; State of New York; Janice Cummings, Individually and as Superintendent of Albion Correctional Facility; James Berbary, Individually and as Deputy Superintendent of Administration of Albion Correctional Facility; Farrell McKendrick, Individually and as Food Service Administrator of Albion Correctional Facility, Defendants.

No. CIV–83–745E.

United States District Court, W.D. New York.

Dec. 31, 1984.

Emmelyn Logan-Baldwin, Rochester, N.Y., for plaintiff.

Peter B. Sullivan, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action by a female employee of the New York State Department of Correctional Services ("the NYSDCS") alleging, *inter alia*, violations of 42 U.S.C. § 2000e

*et seq.* ("Title VII"), 29 U.S.C. §§ 206(d), 215 and 216 ("the Equal Pay Act") and 42 U.S.C. §§ 1983 and 1985, defendants have moved to dismiss portions of the Amended Complaint or for summary judgment regarding many of plaintiff's federal and pendent state causes of action.

■ Initially defendants had asserted that plaintiff's Title VII claim should be dismissed pursuant to Fed.R.Civ.P. rule 12(b)(1) for lack of subject matter jurisdiction inasmuch as the Equal Employment Opportunity Commission ("EEOC") had neither dismissed nor determined plaintiff's June 13, 1983 charges against defendants of employment discrimination. On September 23, 1983 pursuant to plaintiff's attorney's request, the EEOC issued an "early" Right-to-Sue Notice due to its determination that it would not be able to "investigate and conciliate" the filed charges within the 180-day period of jurisdiction set forth in 42 U.S.C. § 2000e–5(f)(1).[1] *See Logan-Baldwin Affidavit,* Exhibit A. Although the commencement of this action prior to the issuance of the Right-to-Sue Notice does not in of itself present a jurisdictional defect, *see Pinkard v. Pullman-Standard, A Div. of Pullman, Inc.,* 678 F.2d 1211, 1219 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983) (subsequent Right-to-Sue letter effectively ratifies earlier-filed action), the issuance of the notice prior to the passage of 180 days from the filing of the discrimi-

nation charges with the EEOC *does* present a jurisdictional deficiency requiring suspension and a remand of plaintiff's Title VII claim to the EEOC.[2]

The September 23, 1983 Right-to-Sue letter was issued pursuant to an EEOC regulation, 29 C.F.R. § 1601.28(a)(2), which authorizes an early Right-to-Sue Notice where it is determined that it is probable that the agency will be unable to complete administrative processing of the charges prior to the expiration of 180 days from the filing of such charges.[3] However a number of courts have held that this regulation is invalid as it is inconsistent with Congress's intentions as expressed in 42 U.S.C. § 2000e–5(f)(1) that either dismissal by the EEOC of charges or the lapse of the 180-day period is a prerequisite to the issuance of a Notice of Right to Sue. *See Mills v. Jefferson Bank East,* 559 F.Supp. 34, 36 (D.Colo.1983); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739, 742–45 (S.D.N.Y. 1980); *Loney v. Carr-Lowrey Glass Co.,* 458 F.Supp. 1080, 1081 (D.Md.1978).

These decisions are supported by *dicta* in numerous United States Supreme Court opinions recognizing that a private party must file charges with the EEOC and then wait 180 days before instituting a federal lawsuit. *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), held that the 180-day waiting period imposed no statute of limita-

---

**1.** 42 U.S.C. § 2000e–5(f)(1), section 706(f)(1) of Title VII, provides in pertinent part:

"If a charge filed with the Commission * * * is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference * * * [to a state agency], whichever is later, the Commission has not filed a civil action under this section * * * or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge * * *."

**2.** Although defendants' counsel has not raised this issue regarding plaintiff's Title VII claim, the subject matter jurisdictional nature of the

defect presented by the Title VII claim requires the Court to address this infirmity *sua sponte.*

**3.** 29 C.F.R. § 1601.28(a)(2) provides:

"When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in § 1601.-28(e) with copies to all parties, at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that the District Director * * * has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect."

tions upon the EEOC's power to file action, but further explained that a "private right of action does not arise until 180 days after a charge has been filed." *Id.* at 361, 97 S.Ct. at 2452.

> "[A] natural reading of § 706(f)(1) [42 U.S.C. § 2000–5(f)(1)] can lead only to the conclusion that it simply provides that a complainant whose charge is not dismissed or promptly settled or litigated by the EEOC may himself bring a lawsuit, but that he must wait 180 days before doing so." *Ibid.*

*See also, Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 104 fn. 12, 99 S.Ct. 1601, 1610 fn. 12, 60 L.Ed.2d 66 (1979) (a complainant must allow the EEOC a full 180 days to negotiate a settlement); *Johnson v. Railway Express Agency*, 421 U.S. 454, 458, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975) (after the passage of 180 days the claimant may demand a Right-to-Sue letter and may institute the Title VII action himself).

Although other courts have held that section 2000e–5(f)(1) does not *prohibit* the EEOC from issuing a notice prior to the end of the 180-day period—*see, e.g., Saulsbury v. Wismer and Becker, Inc.*, 644 F.2d 1251, 1257 (9th Cir.1980) (recognizing the futility of forcing alleged victims of discrimination to "mark time" when it appears that the EEOC will be unable to deal with the charges within the 180-day period)—, I find that the language of section 2000e–5(f)(1) is clear in requiring either the dismissal of the charges or the passage of the stated time period as a condition precedent to the filing of a Title VII cause of action in a federal district court. As recognized by the court in *Spencer v. Banco Real, S.A., supra,* Congress was aware of the enormous backlog of cases before the EEOC when the section was amended in 1972 (*see Occidental Life Ins. Co. v. EEOC, supra,* 432 U.S., at 369–70, 97 S.Ct. at 2456–57) and any problem presented by the 180-day waiting period must properly be addressed by the legislature and not the judiciary. *See Spencer v. Banco Real, S.A., supra,* at 744–745.

Therefore plaintiff's Title VII claim shall be held in abeyance and will be remanded to the EEOC with the direction that the agency retain jurisdiction and investigate and attempt to reach conciliation regarding such claim for a maximum period of 152 days (180 days minus the 28-day period from the filing of the EEOC charges to the institution of this lawsuit).

■ Defendants have also moved to dismiss or, alternatively, for summary judgment regarding plaintiff's Equal Pay Act cause of action. The Amended Complaint alleges:

> "53. The Equal Pay Act guarantees employees equal pay for equal work and further provides that there shall be no retaliation against the employee who complains of denial of equal pay and/or who assists in any claim of denial of equal pay.

> "54. Because of defendants' actions, plaintiff and other persons similarly situated, have been and are being subjected to denial of equal pay for equal work and are being retaliated against for having complained of employment discrimination and/or having assisted with an employment discrimination complaint."

Defendants have submitted three affidavits stating that plaintiff received the same rate of pay as any other employee in her employment position with similar experience, that she has earned more overtime wages than other cooks who worked during the period of her employment with the NYSDCS and that she has never filed a complaint or grievance regarding a claim of unequal pay. *See Berbary Affidavit, Bower Affidavit, McKendrick Affidavit.* Defendants therefore assert that they are entitled to summary judgment regarding the Equal Pay Act cause of action as a matter of law. Plaintiff's opposing affidavit asserts that her equal pay claim consists of defendants having denied her overtime assignments due to her gender, as well as their general practice of giving male cooks the first opportunity to accept overtime work.

I find that defendants are entitled to summary judgment regarding plaintiff's Equal Pay Act cause of action because, even were plaintiff's allegations to be proven completely accurate, they would fail to establish a prima facie case of a violation of 29 U.S.C. § 206(d). Although plaintiff's allegations of discriminatory assignment of overtime might present a Title VII claim— *see, e.g., Schaeffer v. San Diego Yellow Cabs, Inc.,* 462 F.2d 1002 (9th Cir.1972)—, she has neither contended nor alleged that she was actually paid at a lower rate than male employees.[4] Therefore she cannot possibly establish a claim under the Equal Pay Act. *See also Odomes v. Nucare, Inc.,* 653 F.2d 246, 250 (6th Cir.1981) (setting forth the elements of a plaintiff's prima facie case under the Equal Pay Act). Furthermore, the complaint filed by the plaintiff with the EEOC alleged, *inter alia,* sex discrimination regarding overtime assignments rather than unequal wage rates—*see Logan-Baldwin Affidavit,* ¶ 7— and therefore cannot serve as the basis for a cause of action under 29 U.S.C. § 215(a)(3) which prohibits employer discrimination or retaliation against an employee who has filed an Equal Pay Act complaint or grievance. Accordingly, defendants are entitled to summary judgment regarding plaintiff's Equal Pay Act cause of action.

■ Defendants next assert that plaintiff's claim under New York's Human Rights Law (section 296 of this state's Executive Law) should be dismissed pursuant to Fed.R.Civ.P. rule 12(b)(6) for failure to state a claim upon which relief can be granted inasmuch as the Amended Complaint does not allege any improper retaliatory conduct by defendants after the filing of the EEOC/Human Rights Complaint. Defendants' contentions must be dismissed as meritless due to the Amended Complaint's allegations of discriminatory acts *and* retaliatory actions by defend-

ants—*see Amended Complaint* ¶¶ 56–57— as well as the allegation in Paragraph 44a that "[s]ince the filing of the administrative complaints and this lawsuit, the defendants have engaged in a pattern of harassment, intimidation and/or retaliation against the plaintiff." In view of the well established principle that the plaintiff's allegations must be taken as true for the purposes of defendants' rule 12(b)(6) motion—*see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)—, this portion of defendants' motion will be denied.

■ Defendants State of New York, the NYSDCS and Albion Correctional Facility have moved to dismiss plaintiff's claims against them based upon 42 U.S.C. §§ 1983 and 1985 due to the immunity of states and state agencies to such claims under the Eleventh Amendment to the Constitution. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). Defendants' position is correct and plaintiff's section 1983 and section 1985 causes of action against these three defendants will be dismissed. *See Provet v. State of N.Y.,* 546 F.Supp. 492 (S.D.N.Y.1982) (section 1983 action against New York State and the NYSDCS); *An-Ti Chai v. Michigan Technological University,* 493 F.Supp. 1137 (W.D.Mich. 1980) (section 1983 and section 1985 claims against a state agency); *Thompson v. State of N.Y.,* 487 F.Supp. 212 (N.D.N.Y. 1979) (section 1983 and section 1985 claims); *Allah v. Com'r of Dept. of Correctional Services,* 448 F.Supp. 1123 (N.D. N.Y.1978) (section 1983 and section 1985 claims against the NYSDCS and a prison committee). Plaintiff's contention that prospective injunctive relief can properly be obtained against these defendants under these two statutes is erroneous. *See Allah v. Com'r of Dept. of Correctional Services, supra,* at 1125. *Cf. Alabama v. Pugh,*

---

4. 29 U.S.C. § 206(d)(1) provides in pertinent part:

"No employer * * * shall discriminate * * * between employees on the basis of sex by

paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work * * *."

438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Although the landmark decision in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), held that the Eleventh Amendment did not prohibit a suit for prospective injunctive relief against a state official, plaintiff cannot seek such relief directly from the state or one of its agencies without naming a government official as a defendant.

The other three defendants, Cummings, Berbary and McKendrick, also seek dismissal of plaintiff's 42 U.S.C. § 1985(3) conspiracy claim against them pursuant to Fed.R.Civ.P. rule 12(b)(6) for its failure to state a cause upon which relief can be granted.[5] These defendants contend that plaintiff is attempting improperly to utilize section 1985(3) to enforce rights established by Title VII. *See Great American Fed. S. & L. Assn. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) (*"Novotny"*) (a right created by Title VII cannot be the basis for a cause of action under section 1985(3)). Plaintiff asserts that she is not merely seeking to enforce her rights under Title VII but also her constitutional rights to due process of law, to equal protection and to continued employment. The Amended Complaint alleges:

"Defendants have conspired with certain known and unknown persons and/or committed acts in furtherance of a conspiracy with certain known and unknown persons to deprive plaintiff of rights protected by the Constitution and by federal statute, including for example, without intending to limit, plaintiff's rights to equal protection of the laws and to due process of law.

"By reason of defendants' actions, plaintiff has been damaged and injured." *Amended Complaint*, at ¶¶ 64–65.

██ I find that plaintiff has failed to state a claim under section 1985(3) and that her conspiracy cause of action must be dismissed. In *Novotny* it was explained that section 1985(3) "provides no substantive rights itself", that "it merely provides a remedy for violation of the rights it designates" and that it "is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined in the section." 442 U.S. at 372, 376, 99 S.Ct. at 2349, 2351. Plaintiff has failed to allege an injury to or a deprivation of a constitutionally protected interest. It appears from the parties' pleadings that plaintiff remains employed by the NYSDCS and that the other alleged incidents of libel, sex discrimination in employment and harassment, are perhaps remediable under either Title VII or state law but do not rise to the level of a constitutional deprivation of equal protection or of equal privileges and immunities under federal law. Section 1985(3) was not intended to create a general federal tort law—*see Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 347 (5th Cir.), *cert. denied*, 454 U.S. 1110, 102 S.Ct. 687, 70 L.Ed.2d 651 (1981)—and plaintiff has failed to plead a conspiracy regarding a federally protectable interest other than the discrimination in employment allegations which must be enforced under Title VII and not under section 1985(3). In addition, the United States Court of Appeals for the Second Circuit has "repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutionally rights will be dis-

---

**5.** 42 U.S.C. § 1985(3) provides in pertinent part: "If two or more persons in any State or Territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws; * * * [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such con-

spiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation * * *."

missed." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977). *See also 423 South Salina St. v. City of Syracuse*, 566 F.Supp. 484, 493 (N.D.N.Y.), *aff'd*, 724 F.2d 26 (2d Cir.1983).

██ Defendants' further argument that plaintiff's section 1983 claim should similarly be dismissed is without merit inasmuch as neither Title VII nor section 1983 provides the exclusive remedy for sex discrimination in employment, there is no requirement that plaintiff exhaust her state administrative remedies prior to commencing a section 1983 action (*see Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)) and it is not necessary to institute a Title VII proceeding prior to bringing a section 1983 suit. *See* A. Larson, *Employment Discrimination*, § 52.23 (1983). Therefore this aspect of defendants' motion will be denied.

██ Defendants also seek to dismiss plaintiff's sixth cause of action for breach of her employment contract due to lack of subject matter jurisdiction and/or failure to state a claim inasmuch as they contend that plaintiff's employment with the NYSDCS is governed by a collective bargaining agreement, the provisions of which must be utilized to redress any contractual violation. Defendants have submitted the affidavit of James Berbary wherein it is averred that the terms of plaintiff's employment are covered by a collective bargaining agreement. However, plaintiff's attorney's affidavit asserts that this agreement is inapplicable to the instant lawsuit's endeavor to enforce plaintiff's contractual rights. It is evident from the foregoing that this issue cannot be resolved without consideration of non-pleading matters and in accordance with Fed.R.Civ.P. rule 12(b)(6) defendants' motion must be converted into a motion for summary judgment under Fed.R.Civ.P. rule 56 in order to consider the affidavit and documentary evidence. The parties must also be given at least ten days' notice of such conversion in order that they may present additional relevant materials. *See* Fed.R.Civ.P. rule

56(c); *Beacon Enterprises v. Menzies*, 715 F.2d 757 (2d Cir.1983). Therefore this portion of defendants' motion will be converted into a motion for partial summary judgment and the parties shall have thirty (30) days from the entry of this Memorandum and Order to submit additional materials, if any, concerning this issue.

██ Finally, defendants seek to dismiss, as not stating a claim under New York law, plaintiff's ninth cause of action for defendants' alleged actions against her "taken without basis or justification" as well as the tenth cause of action for defendants' alleged "harassment of the plaintiff." Although plaintiff's attorney has failed to set forth any New York decisions in support of her contention that such claims are recognized under this state's law, the ninth cause of action would appear to represent a claim for prima facie tort— namely, the intentional infliction of economic harm—which does exist under such law. *See Bd. of Ed. v. Farmingdale Classroom Tchrs.*, 38 N.Y.2d 397, 405, 343 N.E.2d 278, 380 N.Y.S.2d 635 (1975). Inasmuch as plaintiff's allegations must be taken as true for the purposes of defendants' motion to dismiss—*see Patsy v. Florida Board of Regents, supra*, 457 U.S., at 498 fn. 1, 102 S.Ct., at 2558 fn. 1—, defendants' motion to dismiss the ninth cause of action will be denied. Similarly plaintiff's harassment claim, derived from section 240.25 of New York's Penal Law, states a valid cause of action under New York law—*see Galella v. Onassis*, 487 F.2d 986, 994 fn. 11 (2d Cir.1973); *cf. Long v. Beneficial Finance Co. of New York*, 39 A.D.2d 11, 330 N.Y.S.2d 664 (4th Dep't 1972)—and defendants' motion to dismiss must fail.

In accordance with the foregoing, it is hereby ORDERED (1) that plaintiff's Title VII claim is remanded to the EEOC for further proceedings consistent with this opinion, (2) that defendants' motion for summary judgment dismissing plaintiff's claims under the Equal Pay Act and under 42 U.S.C. § 1985 is granted, (3) that the motion of defendants State of New York, NYSDCS and Albion Correctional Facility

to dismiss plaintiff's section 1983 claim against them is granted, (4) that the motion of defendants Cummings, Berbary and McKendrick to dismiss plaintiff's section 1983 claim against them is denied, (5) that defendants' motions to dismiss plaintiff's claims under the Human Rights Law and for harassment and prima facie tort are denied and (6) that defendants' motion to dismiss plaintiff's breach of contract claim is converted into a summary judgment motion as explained in the penultimate paragraph.