■ LIAQUAT MOHAMMAD et al., Respondents, v BOARD OF MANAGERS OF 50 EAST 72ND STREET CONDOMINIUM, on Behalf of Itself and All Unit Owners in the Building, et al., Appellants. [691 NYS2d 486] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered January 16, 1998, which, to the extent appealed from, denied defendants' motion to dismiss in part and denied their motion to change venue to New York County, unanimously modified, on the law, the facts and in the

exercise of discretion, to the extent of granting the motion to change venue, and otherwise affirmed, without costs.

Plaintiffs have sufficiently pleaded a prima facie case of employment discrimination under New York's Human Rights Law (Executive Law § 296), by alleging that, in the aftermath of their participation in proceedings before the Human Rights Commission involving their employer, defendant condominium board, their employer has on numerous occasions harassed and intimidated them with a retaliatory motive (see, Executive Law § 296 [1] [e]; [7]; see also, True v New York State Dept. of Correctional Servs., 613 F Supp 27). Although defendants have arguably articulated a legitimate, nondiscriminatory reason for some of the allegedly retaliatory conduct, discovery has yet to be conducted and plaintiffs, having adequately stated a claim for employment discrimination, should be afforded a full and fair opportunity to support their allegations (see, Texas Dept. of Community Affairs v Burdine, 450 US 248, 254).

We agree with defendants, however, that the venue of the action should be changed pursuant to CPLR 510 (3) from Bronx to New York County. New York County is the site of the allegedly discriminatory conduct and the county in which all of the anticipated nonparty witnesses reside. Defendants have supported their change of venue motion by furnishing the names and addresses of potential nonparty witnesses, setting forth the essence of their anticipated testimony, and the manner in which the potential witnesses would be inconvenienced if the trial of the action were to take place in the Bronx. Plaintiffs, in response, have failed to identify a single nonparty witness who would be inconvenienced by attending a trial in New York County (see, CPLR 510 [3]; Torres v Larsen, 195 AD2d 285). Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.