■ NATOYA CLAYTON, Appellant, v BEST BUY CO., INC., et al., Respondents. [851 NYS2d 485]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 26, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate plaintiff's cause of action for retaliation as against defendants Best Buy Co. and Prada, and otherwise affirmed, without costs.

The claims for sex discrimination and sexual harassment under the New York Human Rights Law were properly dismissed because, under that statute, "[a]n employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it" (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985] [internal quotation marks omitted]). There is no evidence that defendant Best Buy Co. encouraged, condoned, or approved any harassing conduct. To the contrary, when plaintiff reported an incident concerning one of the individual defendants, Best Buy immediately took action, reprimanding him on the same day that the incident occurred and warning him that another similar incident would result in his dismissal. Furthermore, there is no evidence that the subject workplace was one permeated with "discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004] [internal quotation

marks omitted]). Nor do plaintiff's allegations concerning the sexual and inappropriate remarks made by various Best Buy employees show conduct sufficiently outrageous to support a claim of intentional infliction of emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]). However, issues of fact exist as to whether defendants retaliated against plaintiff by reducing her hours, saying that business had slowed, even though she was considered a good employee and no other cashiers' hours were reduced, and whether plaintiff was in fact discharged in retaliation for her sexual harassment complaint (*see Forrest*, 3 NY3d at 312-313). Concur—Andrias, J.P., Saxe, Nardelli and McGuire, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on November 8, 2007 (45 AD3d 322 [2007]) recalled and vacated and a new decision and order substituted therefor.