■ VICTORIA BRIGHTMAN, Respondent, v PRISON HEALTH SERVICES, INC., et al., Appellants. [878 NYS2d 357]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered March 20, 2008, which denied defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the action, unanimously affirmed, without costs.

Plaintiff alleges that defendants retaliated against her for filing a complaint against one of them for sexual harassment. This retaliation took the form of, inter alia, giving her a more onerous workload than her similarly situated colleagues, denying her the opportunity to work overtime, failing to pay her on the rare occasions when she did work overtime, denying her vacation and holiday pay, transferring her from her preferred workplace to another location where her harasser worked, and forcing her to work as a "floater," with no permanent work location. Viewed in the light most favorable to plaintiff, these allegations state a claim for retaliation pursuant to the New York State Human Rights Law, Executive Law § 296 (*see generally Clayton v Best Buy Co., Inc.*, 48 AD3d 277, 278 [2008]; *Mohammad v Board of Mgrs. of 50 E. 72nd St. Condominium*, 262 AD2d 76, 77 [1999]). A fortiori, they state a claim under the New York City Human Rights Law (Administrative Code of City of NY § 8-107), which is more liberal than either its state or federal counterpart (*see* Administrative Code § 8-130; *Williams v New York City Hous. Auth.*, 61 AD3d 62, 65-67 [2009]). Defendants' alleged retaliatory acts were "materially adverse" in that they "well might have dissuaded a reasonable worker from making . . . a charge of discrimination" (*Burlington N. & S. F. R. Co. v White*, 548 US 53, 68 [2006] [internal quotation marks omitted]). They also satisfy the requirement of the New York City Human Rights Law that they "must be reasonably likely to deter a person from engaging in protected activity" (Administrative Code § 8-107 [7]). Concur—Gonzalez, P.J., Tom, Catterson, Richter and Abdus-Salaam, JJ.