**Patricia S. HARBERT, Plaintiff,**

v.

**Walter M. RAPP, as Employment Service Director of the Oklahoma Employment Security Commission and individually, et al., Defendants.**

**No. CIV–75–0634–D.**

United States District Court,
W. D. Oklahoma.

June 18, 1976.

See also, D.C., 415 F.Supp. 83.

Henry W. Floyd, Oklahoma City, Okl., for plaintiff.

Edward E. Soule, Milton R. Elliott, Oklahoma City, Okl., for all defendants.

Allen G. Nichols, Wewoka, Okl., William W. Dawson, Jr., Seminole, Okl., for defendants Churchwell and Snider.

## ORDER

DAUGHERTY, Chief Judge.

This is the second time that this Civil Rights case has been before the Court on a Motion to Dismiss. Plaintiff's allegations and theories are set out in the Court's previous order 415 F.Supp. 83 dismissing the Complaint except as to Plaintiff's action against Defendant Snider under 42 U.S.C. § 2000e et seq.

Defendant Snider has now filed herein a Motion to Dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. Plaintiff has responded thereto. The matter being at issue before the Court is determined as follows:

Movant's contentions are: (1) Plaintiff may not maintain this action because Snider is not an "employer" within the meaning of Title VII; and (2) Plaintiff is not entitled to maintain this action because the Equal Employment Opportunity Commission (EEOC) has not issued a "right to sue letter" with respect to him.

Plaintiff alleges that she is employed by the Oklahoma Employment Security Commission and that Snider is the Metropolitan Manager of the Commission.

Movant's first contention is not well taken. 42 U.S.C. § 2000e(b) provides that:

"The term 'employer' means a person engaged in any industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years, *or any agent of such a person* * * *" (emphasis supplied)

The term "person" includes governmental agencies. 42 U.S.C. § 2000e(a). Supervisory employees may in proper case be deemed to be agents of a governmental agency. See *Schaefer v. Tannian,* 394 F.Supp. 1128 (E.D.Mich.1974). The question of whether Snider is an agent of the Oklahoma Employment Security Commission is clearly an issue of fact. It does not appear beyond doubt that Plaintiff could prove no set of facts showing Snider to be the agent of the Oklahoma Employment Security Commission. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, Movant's Motion to Dismiss for failure to state a claim upon which relief can be granted should be overruled with respect to his first contention.

Movant's second contention is that Plaintiff may not maintain this action because the EEOC has not issued a "right to sue letter" with respect to him. Movant's argument is that an aggrieved party may not maintain an action under 42 U.S.C. § 2000e until a "right to sue letter" has been issued; that the issuance of a "right to sue letter" is a jurisdictional prerequisite to the maintenance of such an action; that only the Justice Department may issue a "right to sue letter" with respect to a governmental employer; that only the EEOC may issue a "right to sue letter" with respect to a private employer; the only "right to sue letter" alleged to have been issued herein is alleged to have been issued by the Justice Department; that Movant is not a governmental agency; that only the EEOC may issue a "right to sue letter" with respect to him; therefore the Court lacks jurisdiction of Movant.

Movant's second contention is also not well taken. Movant is correct with respect to his statement of law with regard to the issuance of "right to sue letters." See 42 U.S.C. § 2000e–5(g). However, Movant's assertion that he should be afforded the status of a private employer in this regard is clearly without merit. Movant is a proper party Defendant herein only if an "agent" of the Oklahoma Employment Security Commission. It appears he was named in the EEOC charge. Thus, Movant should possess the same status as his principal, a governmental agency, for purposes of

the issuance of a "right to sue letter." Hence, the alleged Justice Department "right to sue letter" would be appropriate as to this Defendant. Accordingly, Movant's second contention is without merit and should be overruled.

■ Plaintiff in its response brief seeks leave of Court to add the Oklahoma Employment Security Commission as a party Defendant. This request, though probably with merit, will not be considered by the Court as it is not presented in proper form.

In view of the foregoing Defendant Snider's Motion to Dismiss should be overruled.