■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of EFRONSINI F. EMRICH, Petitioner, v GTE CORPORATION, Respondent. — Determination unanimously annulled, with costs, petition granted and matter remitted to State Division of Human Rights for further proceedings on the complaint. Memorandum: Petitioner filed a complaint with the State Division of Human Rights charging GTE Corporation with discrimination relating to employment based upon her sex and her disability due to pregnancy. The Division dismissed the complaint for lack of jurisdiction, holding that GTE was not petitioner's employer. The Division's determination is not supported by substantial evidence and must therefore be annulled.

The record shows that petitioner applied for employment as a key punch operator at the offices of GTE and was interviewed by the director and two supervisors of its data processing department. She was accepted for employment by the director and thereafter worked at the offices of GTE under the direction and supervision of GTE employees. By an agreement between GTE and a temporary employment agency, the agency carried petitioner on its payroll and paid her by checks issued on its account,

but GTE set her rate of pay and determined her hours of employment. Neither before nor after petitioner began work for GTE did she have any contact with the employment agency other than one telephone conversation concerning a discrepancy in the amount of her first paycheck.

In holding that GTE was not the employer of petitioner, the Division relied solely upon the facts that petitioner was carried on the payroll of the temporary employment agency and her wages and benefits were paid by the agency. The Human Rights Law (Executive Law art 15) does not define the term "employer". Generally, four elements are considered in determining whether the relationship of employer and employee exists: "(1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct * * * The really essential element of the relationship is the right of control, that is, the right of one person, the master, to order and control another, the servant, in the performance of work by the latter" (36 NY Jur, Master and Servant, § 2). Despite the fact that petitioner was carried on the agency's payroll, GTE was her employer. GTE not only selected and hired the petitioner, but possessed and exercised the power of control, reserved the power of dismissal, and, indirectly, through the agency, paid her wages. GTE may not avoid its obligations under the Human Rights Law by the expediency of contracting with another for the payment of workers under its control. (Proceeding pursuant to Executive Law § 298.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.