■ Luz Sanchez, Respondent, v Brown, Harris, Stevens, Inc., Appellant, et al., Defendants. [651 NYS2d 477] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about December 18, 1995, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, affirmed, without costs.

Alleging employment discrimination on the basis of sex and an unspecified disability, plaintiff seeks to recover damages against the condominium, where she had been employed as a concierge and whose superintendent allegedly harassed her, and the condominium's managing agent. The managing agent argues that it cannot be held liable for the alleged discriminatory actions because it was not the employer of either plaintiff or the superintendent. The motion court found that while plaintiff was paid by the condominium, there was evidence indicating that she was hired, supervised and fired by the managing agent, and that such was sufficient to raise an issue of fact as to whether there was an employment relationship between plaintiff and the managing agent, citing *State Div. of Human Rights v GTE Corp.* (109 AD2d 1082, 1083). We agree, given that the evidence of the managing agent's day-to-day control over both plaintiff and the superintendent was quite substantial. We would add that an issue of fact also exists as to whether the managing agent, even if not plaintiff's employer, aided and abetted the superintendent's harassment of plaintiff, which would render it liable under Executive Law § 296 (6) (*see, Peck v Sony Music Corp.*, 221 AD2d 157; *Steadman v Sinclair*, 223 AD2d 392). Concur—Rosenberger, Rubin, Kupferman and Williams, JJ.

Sullivan, J. P., concurs in a memorandum as follows: I agree that there is a question as to whether the relationship of employer and employee exists between the managing agent and plaintiff and that, therefore, summary judgment was properly denied. However, while aiding and abetting discriminatory conduct is a predicate for liability under Executive Law

§ 296 (6) (*Peck v Sony Music Corp.*, 221 AD2d 157), the complaint fails to allege a cause of action under that section and plaintiff should not be permitted to argue, for the first time on appeal, that that section is a predicate for liability.