**Michael GALLAGHER, Plaintiff,**

**v.**

**Michael GALLAGHER, International Brotherhood of Electrical Workers; J.J. Barry, as President of the International Brotherhood of Electrical Workers; Ibew Local Union No. 43; Finger Lakes N.Y. Chapter of the National Electrical Contractors Association, Inc.; Burns Electric Co., Inc.; Ridley Electric, and Syracuse Merit Electric, Inc. Defendants,**

No. 00–CV–1161.

United States District Court,
N.D. New York.

Jan. 22, 2001.

Michael Gallagher, Lincoln Park, MI, Plaintiff Pro Se.

Mc Mahon, Kublick, Mc Ginty & Smith, P.C., Syracuse, Jan S. Kublick, of Counsel.

## BACKGROUND

MUNSON, Senior District Judge.

The defendants International Brotherhood of Electrical Workers ("IBEW") and Local 43 are labor unions. Defendant J.J. Barry is the International President of the IBEW. Plaintiff is a member of defendant Local 43, and Local 43 is signatory to a collective bargaining agreement with defendant NECA. Defendant electrical contractors are bound by the terms of the collective bargaining agreement either by being a member of NECA or by signing a letter of assent agreeing to be bound by the terms of the agreement. The collective bargaining agreement recognizes Local 43 "as the sole and exclusive represen-

tative of all ... employees performing work within the jurisdiction of [Local 43] for the purposes of collective bargaining with respect to rates of pay, wages, hours of employment and other conditions of employment." Under the terms of the collective bargaining agreement, Local 43 operates an exclusive hiring hall that refers union members for employment with signatory electrical contractors. Plaintiff has obtained employment with these employers through the Local 43 hiring hall.

The collective bargaining agreement allegedly permits contractors to request employees from the Local 43 hiring hall who possess special skills. The agreement also purportedly also permits Local 43 members classified as "foreman" to receive preferential treatment over members not so classified. Plaintiff contends that the effect of these two provisions is to allow Local 43 and the electrical contractors to undermine the fairness of the referral procedure and to discriminate against members on the basis of age.

The complaint in this action alleges that defendant NECA violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621, *et seq.,* and the New York State Human Rights Law, Executive Law § 290–301, through NECA's acts negotiating and administering a collective bargaining agreement that allows the defendant union and electrical contractors to discriminate on the basis of age. Plaintiff claims that defendants engaged in unlawful discriminatory practices relating to his employment through patterns and practices of failing, because of his age, to refer him for employment to positions for which he was fully qualified, by permitting electrical contractors to request younger workers in preference to older workers, to lay off older workers before younger workers, by negotiating and administrating a collective bargaining agreement that enabled the union and electrical contractors to discriminate on the basis of age, and by retaliating against him for attempting to oppose these discriminatory practices.

On February 3, 1998, plaintiff filed a complaint with the New York State Division of Human Rights naming NECA as respondent and alleging an unlawful discriminatory practice relating to employment because of age. In a Determination and Order dated and mailed March 29, 2000, the NYDHR found that there was no probable cause to believe that NECA was engaged in such practices.

On February 17, 1997, plaintiff filed an age discrimination complaint with the New York State Division of Human Rights ("NYSDHR") naming Local 43, NECA and fourteen electrical contractors as respondents. On January 22, 1998, an amended complaint was filed naming Local 43, NECA and three electrical contractors as respondents. The complaint was also filed with the Equal Employment Opportunity Commission ("EEOC") under the terms of a work sharing agreement between the two agencies. On May 4, 2000, plaintiff was issued a right-to-sue letter by the EEOC. This letter adopted the finding of the NYSDHR, that there was no probable cause to believe that Local 43 discriminated against plaintiff because of his age. This action was commenced on July 28, 2000, when plaintiff filed his complaint which seeks doubled compensatory damages, injunctive relief, costs and attorney's fees.

Currently before the court is defendant NECA's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Although he did enter opposition to a prior identical motion before this court made by two other defendants in this case, plaintiff has not entered opposition to the present motion. The court notes that plaintiff appears *pro se,* however, his complaint was well prepared, he received the notice of this motion required by statute and manifests awareness of the procedural requisites of this type of motion.

## DISCUSSION

■ ■ A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is

analyzed under the same standard applicable to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(c). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Consequently, judgment on the pleadings is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that the moving party is entitled to judgment as a matter of law. *United States v. Weisz,* 914 F.Supp. 1050, 1052 (S.D.N.Y. 1996). In deciding a motion for judgment on the pleadings, a court may consider the factual allegations in the complaint, which are accepted as true, documents attached to the complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or to documents either in plaintiff's' possession or of which plaintiff had knowledge of and relied upon in bringing suit. *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

A finding that plaintiff has had notice of documents used by defendants in support of their motion for judgment on the pleadings is significant since the problem that usually arises when a court reviews statements extraneous to a complaint, is the lack of notice to the plaintiff that they may be considered. To meet this notice requirement, 12(c) motions are often converted to summary judgment motions. However, when plaintiff has actual notice of all the information in movant's papers, and has relied on these papers in framing the complaint, the necessity for turning the Rule 12(c) motion into one under Rule 56 is negated.

It is undisputed that on February 3, 1998, plaintiff filed an age discrimination complaint against NECA with the NYSDHR. In its Determination and Order, dated and mailed on March 29, 2000, the NYSDHR notified plaintiff of the results of its investigation of his charges. Defendant NECA has included a copy of this document in its motion papers. It is clear that a copy of this decision was in plaintiff's possession and he had knowledge of it contents when defendant NECA filed the current motion and, therefore, it may be considered by the court.

Paragraph 3 of the complaint asserts that NECA violated the ADEA and the New York Human Rights Law through NECA's "acts of negotiating and administering a collective bargaining agreement that enables the Defendant union and electrical contractors to discriminate on the basis of age." Paragraph 10 of the complaint alleges that NECA and the Defendant electrical contractors all employ more that 20 persons and are employees as defined by § 292 of the New York Executive Law and as defined by the ADEA.

A trade association that represents its employer members in negotiations with labor unions is not an employer of the unions' workers nor an agent of its employer members. *Barrow v. New Orleans S.S. Association,* 10 F.3d 292, 296 (5th Cir.1994). This ruling was focused on an extent of employee control test that considered: whether the alleged employer had the right to hire and fire, supervise the work, set the employee's work schedule, pay the employee's salary, withhold taxes, provide benefits and set the terms and conditions of employment. *Id.* When applied to the instant case, plaintiff's allegations do not support a conclusion that NECA was plaintiff's employer and he has not asserted that NECA paid his wages, withheld taxes, furnished benefits or set the terms and conditions of employment.

Furthermore, it cannot be maintained that NECA qualifies as an employer because it is the agent of its employer members. A trade association cannot be an agent, for purposes of ADEA, of any of its member employers, even though its purpose is to promote the interests of those members and of the industry generally. *York v. Tennessee Crushed Stone Association,* 684 F.2d 360, 362, (6th Cir.1982). "Generally, an agent or employer who may be sued as an employer in Title VII suits

[and, by analogy, in ADEA suits] has been construed to be a supervisory or managerial employee to whom employment decisions have been delegated by an employer. For example, the president of a college who acts as an agent of the board of trustees may be sued as an employer in an employment discrimination suit." *Goodman v. Board of Trustees*, 498 F.Supp. 1329, 1332 (N.D.Ill.1980). Similarly, the superintendent of a school district, as an agent of the district, *Kelly v. Richland School District*, 463 F.Supp. 216 (D.S.C. 1978), and the manager of an Employment Security Commission office as an agent of the state commission, *Harbert v. Rapp*, 419 F.Supp. 6 (W.D.Okla.1976), may be sued as employers under Title VII. *Id.* None of these cases, however, provide support for finding a trade association to be an "agent" of its member companies.

Plaintiff's contentions, although couched in employment and/or agency concepts, also suggest reliance on the related but somewhat different theory of an integrated enterprise. Several autonomous but connected organizations will be deemed to be employers for purposes of ADEA if they are so closely related that they should be treated as a single employer. *Trevino v. Celanese Corp.*, 701 F.2d 397, 403–04 (5th Cir.1983). Four factors are used to determine whether two or more entities should be considered a single employer:

(1) Interrelation of operations, i.e., common offices, common record keeping, shared bank accounts and equipment.

(2) Common management, common directors and boards.

(3) Centralized control of labor relations and personnel.

(4) Common ownership and financial control.

*Id.* at 404.

Analyzing these four factors, it is clear that NECA should not be combined with its member contractors to form a single integrated enterprise for ADEA purposes. NECA is an independent legal entity, a non-profit corporation with its own officers. The member contractors of the NECA are individually organized and managed, compete with one another for business, there is no centralized control of labor relations by NECA and its member contractors, and common ownership and financial control does not exist between NECA and its member contractors.

 For purposes of the New York Human Rights Law, in determining whether a defendant can be held liable as a plaintiff's employer courts consider the following elements: (1) whether the proposed employer had the power of selection and engagement over the employee; (2) whether the proposed employer made the payment of wages and salary to the employee; (3) whether the proposed employer had the power of dismissal over the employee; and (4) whether the proposed employer had the power to control the employee's conduct. *Robins v. Max Mara, U.S.A., Inc.*, 923 F.Supp. 460, 470 (S.D.N.Y.1996); *State Division of Human Rights v. GTE Corp.*, 109 A.D.2d 1082, 487 N.Y.S.2d 234, 235 (4th Dept.1985). The most important consideration in this analysis is whether the alleged employer exercised control over the employee's conduct and the incidents of his employment. *Id.; Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998). Plaintiff's claim fail under the New York Human Rights Law as well. Plaintiff has not alleged that NECA exercised control over his conduct or the incidents of his employment in any respect.

Accordingly, defendant NECA's motion for judgment on the pleadings is **GRANTED** and the complaint is **DISMISSED** as to this defendant.

**IT IS SO ORDERED.**