■ NELDA BATILO, Respondent, v MARY MANNING WALSH NURSING HOME CO., INC., et al., Defendants, and ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK, Appellant. [33 NYS3d 715]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 3, 2015, which denied defendant Roman Catholic Archdiocese of New York's motion to dismiss the complaint or, in the alternative, for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Accorded the benefit of every favorable inference, plaintiff's

factual allegations and averments, as amplified by her affidavit in opposition, do not state any basis for finding that a joint employment relationship existed between defendant Archdiocese on the one hand and defendants ArchCare and Mary Manning Walsh Nursing Home Co. (the nursing home) on the other (*see Sanchez v Brown, Harris, Stevens*, 234 AD2d 170 [1st Dept 1996], citing *State Div. of Human Rights v GTE Corp.*, 109 AD2d 1082 [4th Dept 1985]).

Additionally, plaintiff's allegations were insufficient to support imposition of liability upon the Archdiocese under the single-employer theory. The single-employer doctrine and the four factor test used in its application were originally created by the NLRB to determine whether two intertwined entities should be treated as a single employer in the labor dispute context, and subsequently upheld by the U.S. Supreme Court (*see Cook v Arrowsmith Shelburne, Inc.*, 69 F3d 1235, 1240 [2d Cir 1995]). The Second Circuit adopted the doctrine for the purpose of determining whether a parent company can be considered an employer for the purpose of employment discrimination liability (*id.* at 1241). While the four factor test analyzes (1) interrelation of operations, (2) centralized control of labor operations, (3) common management, and (4) common ownership, the primary focus is on the second factor of centralized control of labor operations (*see Herman v Blockbuster Entertainment Group*, 18 F Supp 2d 304, 309 [SD NY 1998]). Centralized control of labor operations requires some showing of a central human resources department (*id.*) Here plaintiff fails to plead that the Archdiocese provided any human resources services for the nursing home, and plaintiff's allegations that church personnel regularly work at the nursing home, without more, do not suffice to show the Archdiocese controlled the Nursing Home Defendants's labor operations (*see id.*). Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.