■ CATHERINE MORAETIS, Respondent, v ROBERT S. EVANS et al., Appellants. [54 NYS3d 1]—

---

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 11, 2016, which, to the extent appealed from, denied defendants' CPLR 3211 (a) (7) motion to dismiss plaintiff's gender discrimination claims, unanimously modified, on the law, to dismiss the claim under the New York State Human Rights Law (Executive Law § 296), and otherwise affirmed, without costs.

The court erred in determining that issues of fact exist regarding whether, under the single employer doctrine, the employees of Spring Hill Farm should be counted toward the four-person threshold necessary to state a claim under the New York State and New York City Human Rights Laws. Under that doctrine, liability for certain violations of employment law may be imposed on entities that are a part of a "single enterprise" (*Arculeo v On-Site Sales & Mktg., LLC*, 425 F3d 193, 198 [2d Cir 2005]). The doctrine "has been limited to situations where the plaintiff's employer is a wholly-owned subsidiary, or where the plaintiff's employment is subcontracted by one employer to another . . . entity" (*Conde v Sisley Cosmetics USA, Inc.*, 2012 WL 1883508, *5, 2012 US Dist LEXIS 72726, *15 [SD NY, May 23, 2012, No. 11 Civ 4010 (RJS)] [internal quotation marks omitted]; *see e.g. Cook v Arrowsmith Shelburne, Inc.*, 69 F3d 1235, 1240-1241 [2d Cir 1995]).

Here, neither situation exists, as plaintiff's employer, Edward P. Evans Foundation (the Foundation) was a parent corporation that temporarily owned and controlled its subsidiary, Spring Hill Farm. Further, plaintiff does not allege that Spring Hill Farm made any discriminatory employment decisions, or any decisions at all in connection with her employment. Accordingly, there is no issue of fact as to whether Spring Hill Farm, which employs six full-time employees, and the Foundation, which employs only two full-time employees, can be considered part of a single "employer" for the purposes of satisfying the minimum four-person-in-the-employ requirement set forth in the New York State and New York City Human Rights Law (Executive Law §§ 292 [5]; 296; Administrative Code of City of NY §§ 8-102 [5]; 8-107).

Nevertheless, issues of fact remain whether plaintiff has stated a claim under the New York City Human Rights Law on the basis that three members of the Foundation's Scientific Advisory Board were paid by the Foundation and worked for the Foundation, and thus can be considered independent contractors and/or employees of the Foundation for the purposes of

satisfying the four-person threshold (*see Pugliese v Actin Biomed LLC*, 2011 NY Slip Op 30912[U], *10-11 [Sup Ct, NY County 2011]). This theory does not apply to the claim under the State Human Rights Law, which, unlike the City law, does not provide that independent contractors count towards the four-person threshold. Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.