15-1307
Griffin v. Sirva Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

August Term, 2015

(Argued: January 8, 2016                   Decided: May 31, 2017)

Docket No. 15-1307

_____

TRATHONY GRIFFIN and MICHAEL GODWIN,

*Plaintiffs-Appellants,*

v.

SIRVA INC. and ALLIED VAN LINES, INC.,

*Defendants-Appellees.*

_____

Before: POOLER, HALL, and CARNEY, *Circuit Judges.*

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*) granting summary judgment in favor of defendants-appellees Sirva, Inc. and Allied Van Lines, Inc. and denying plaintiffs-appellants

Trathony Griffin and Michael Godwin's motion for partial summary judgment. Griffin and Godwin's direct employer, Astro Moving and Storage Co. ("Astro"), which is not a party to this appeal, terminated Griffin and Godwin after discovering their past criminal convictions through a background check. Because Astro had signed a contract under which Allied prohibited any individuals convicted of certain crimes from working on Allied jobs, Griffin and Godwin allege that Allied and Sirva, Inc., as Allied's parent, can be held liable under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., for employment discrimination on the basis of their criminal convictions. In its ruling on the parties' cross-motions for summary judgment, the district court held that Allied and Sirva were not Griffin and Godwin's "direct employer[s]," and therefore that Allied and Sirva could not be liable for "deny[ing] employment" on the basis of a criminal conviction. *Griffin v. Sirva, Inc.*, No. 11-CV-1844, 2014 WL 2434196, at *11 (E.D.N.Y. May 29, 2014) (discussing N.Y. Exec. Law § 296(15)). The New York Court of Appeals, upon receiving this Court's three certified questions in the instant case, has provided guidance on the

2

application of Sections 296(15) and 296(6) of the New York State Human Rights Law. Based on that guidance, we vacate the district court's grant of summary judgment and remand the case for proceedings consistent with the opinion of the New York Court of Appeals.

Vacated and Remanded.

_____

STUART LICHTEN, Lichten & Bright, P.C., New York, NY, *for Plaintiffs-Appellants.*

GEORGE W. WRIGHT, George W. Wright & Associates, LLC, New York, NY, *for Defendants-Appellees.*

PER CURIAM:

This appeal presents the question of who may be held liable under Section 296(15) of the New York State Human Rights Law ("NYSHRL"), which prohibits the denial of employment on the basis of a criminal conviction, and who may be held liable under Section 296(6) of the NYSHRL, which imposes liability for the aiding and abetting of a violation of Section 296(15). *See* N.Y. Exec. Law § 296(6), (15).

Plaintiffs-appellants Trathony Griffin and Michael Godwin (collectively, "Plaintiffs") are two former employees of Astro Moving and Storage Co. ("Astro"), which provides certain moving and storage services under contract to defendant-appellee Allied Van Lines, Inc. ("Allied"). Griffin and Godwin's direct employer, Astro, which is not a party to this appeal, terminated Griffin and Godwin after discovering their past criminal convictions through a background check. Because Astro had signed a contract under which Allied prohibited any individuals convicted of certain crimes from working on Allied jobs, Griffin and Godwin allege that Allied and defendant-appellee Sirva, Inc., as Allied's parent company, can be held liable under the NYSHRL, N.Y. Exec. Law § 290 et seq., for employment discrimination on the basis of their criminal convictions.

The United States District Court for the Eastern District of New York (Brodie, *J.*) denied Plaintiffs' motion for partial summary judgment and granted Sirva and Allied's motion for summary judgment. The district court determined that Section 296(15) applied only to the aggrieved party's "employer." *See Griffin v. Sirva, Inc.*, No. 11-CV-1844, 2014 WL 2434196, at *11 (E.D.N.Y. May 29, 2014).

4

The district court examined a variety of cases discussing how an entity is determined to be an individual's "employer." *See id.* at *11–*13. Because Griffin and Godwin were not employed by either Allied or Sirva, the district court determined that Allied and Sirva could not be held liable under the NYSHRL for Astro's termination of Griffin and Godwin. *Id.* at *14.

On August 30, 2016, this Court entered an order certifying three questions to the New York Court of Appeals:

> *First*, does Section 296(15) limit liability for unlawful denial of employment only to the aggrieved party's "employer"? *Second*, if Section 296(15) is limited in that way, how should courts determine whether an entity is the aggrieved party's "employer" for the purposes of a claim under Section 296(15)? *Third*, does the "aiding and abetting" liability provision of the NYSHRL, Section 296(6), apply to Section 296(15) such that a non-employer may be liable under Section 296(15) as an aider and abettor of an employer's unlawful denial of employment?

*Griffin v. Sirva Inc.*, 835 F.3d 283, 285 (2d Cir. 2016).

On May 4, 2017, the New York Court of Appeals issued its decision in response to this Court's certified questions. *Griffin v. Sirva, Inc.*, --- N.E.3d ----, No. 35, 2017 WL 1712423 (N.Y. May 4, 2017). The New York Court of Appeals answered the first certified question in the affirmative, as the district court had,

5

holding that liability under Section 296(15) is limited to an aggrieved party's

employer. *Id.*, slip op. at 4; *see Griffin*, 2014 WL 2434196, at *10–*11.

With respect to the second certified question, the New York Court of

Appeals reformulated the question posed as: "if Section 296(15) is limited to an

employer, how should courts determine whether an entity is the aggrieved

party's 'employer' for the purposes of a claim under Section 296(15)?" *Griffin*, ---

N.E.3d ----, slip op. at 10 (brackets omitted). Based on New York case law, the

New York Court of Appeals identified four factors to use in determining whether

an entity is an aggrieved party's employer: "(1) the selection and engagement of

the servant; (2) the payment of salary or wages; (3) the power of dismissal; and

(4) the power of control of the servant's conduct." *Id.* at 12–13 (citing *State Div. of

Human Rights v. GTE Corp.*, 109 A.D.2d 1082, 1083 (N.Y. App. Div. 4th Dep't

1985)). The New York Court of Appeals concluded that "common-law principles,

as discussed in *GTE*, determine who may be liable as an employer under

[S]ection 296(15) of the [New York State] Human Rights Law, with greatest

emphasis placed on the alleged employer's power to order and control the

employee in his or her performance of work." *Griffin*, --- N.E.3d ----, slip op. at 13 (internal quotation marks omitted).

With respect to the third certified question, the New York Court of Appeals reformulated the question posed as follows: "whether [S]ection 296(6) extends liability to an out-of-state nonemployer who aids or abets employment discrimination against individuals with a prior criminal conviction." *Id.* at 14. The New York Court of Appeals answered this question in the affirmative. *Id.* The New York Court of Appeals decided that the district court had read Section 296(6) too narrowly, and explained that "Section 296(6) extends liability to persons and entities beyond joint employers," that "Section 296(6) . . . applies to out-of-state defendants," and that the "provision should be construed broadly." *Id.* at 14, 15.

Accordingly, we VACATE the order of the district court to the extent that it conflicts with the decision of the New York Court of Appeals and REMAND the case for further proceedings.