## Rozwadowski v Authentic Brands Group LLC

2025 NY Slip Op 30149(U)

January 15, 2025

Supreme Court, New York County

Docket Number: Index No. 155162/2020

Judge: Shlomo S. Hagler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SHLOMO S. HAGLER**          PART          17

*Justice*

------------------------------------------------------------------X

ADAM ROZWADOWSKI,

| | |
|---|---|
| **INDEX NO.** | 155162/2020 |
| **MOTION DATE** | 06/23/2021 |
| **MOTION SEQ. NO.** | 004 |

Plaintiff,

- v -

AUTHENTIC BRANDS GROUP LLC, THE MAVEN INC.,
JAMES HECKMAN, ROSS LEVINSOHN, EDWARD
BUCCIO, JULIE IANNUZI, AMY LARKIN

**DECISION + ORDER ON
MOTION**

Defendants.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 34, 35, 36, 38, 40, 42, 45

were read on this motion to                    DISMISS                    .

In this retaliation action by plaintiff Adam Rozwadowski (plaintiff), defendants

Authentic Brands Group LLC (ABG), The Maven Inc. (Maven), James Heckman (Heckman),

Ross Levinsohn (Levinsohn), Edward Buccio (Buccio), Julie Iannuzzi (Iannuzzi), and Amy

Larkin (Larkin) (collectively, individual defendants), move, pursuant to CPLR 3211 (a) (7), for

an order dismissing plaintiff's amended complaint, except the retaliation cause of action against

Maven under the New York State Human Rights Law (NYSHRL).

## FACTUAL BACKGROUND

The following facts are taken from plaintiff's complaint and are assumed to be true for

the purposes of this motion.

*The parties*

Rozwadowski names as defendants ABG, the owner of Sports Illustrated (SI) (NYS Cts

Elec Filing [NYSCEF] Doc No. 22, amended complaint at ¶ 2), and Maven, the operator of SI

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No. 004**

**Page 1 of 17**

1 of 17

[* 1]

(*id.* at ¶¶ 2-3). Rozwadowski also names Levinsohn, the CEO of SI through August 2020 (*id.* at ¶ 5) and Heckman, the CEO of Maven through August 2020, when Levinsohn took over (*id.* at ¶ 4). Additionally, Rozwadowski names Buccio, a Maven technical director, Iannuzzi, Maven's vice-president of video, and Larkin, Maven's director of human resources (*id.* at ¶¶ 6-8).

*ABG purchases SI*

In May 2019, ABG purchased SI, a sports site network that creates programming and reporting (*id.* at ¶ 14). On June 18, 2019, ABG sold the operating rights to SI to Maven, a digital-media publishing network (*id.* at ¶¶ 2 & 14).

*Plaintiff reports Buccio's conduct toward female on-air host*

On January 2, 2020, plaintiff was the lead-in-charge of SI's video production at The Street (TST) studio (*id.* at ¶¶ 32 & 38), when Amy Campbell (Campbell), an on-air host at SI (*id.* at ¶ 38), told him that Buccio repeatedly ordered the hair and makeup unit (HMU) to fix her hair over her several objections (*id.* at ¶¶ 38 & 41). Plaintiff insists, upon information and belief, that, customarily, on-air hosts decided when they needed help (*id.* at ¶ 38). Together, plaintiff and Campbell told Buccio that his focus on Campbell's appearance was offensive and asked him to stop (*id.* at ¶ 43), but Buccio allegedly screamed "I am the director! I run the studio! And if I want hair and makeup to stand on set all day, she will stand there all day! She is paid to be here, and I am the boss. If I say she has to be here she has to be here" (*id.* at ¶ 45). Plaintiff claims that as an independent contractor, he was nervous about and intimidated by Buccio's reaction (*id.* at ¶ 46). Plaintiff and Campbell subsequently reported the incident to the coordinating producer nonparty David Seperson (*id.* at ¶ 47). Plaintiff alleges that on January 6, 2020, plaintiff

155162/2020   ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC
Motion No. 004

Page 2 of 17

additionally reported Buccio's conduct in writing to YOH[1] human resources (*id.* at ¶ 48) and specifically expressed plaintiff's fear of retaliation (*id.*).

On January 9, 2020, Buccio allegedly approached Campbell and ran his hand through her hair without her permission (*id.* at ¶ 50). When Campbell told plaintiff about this incident, plaintiff claims he felt intimidated because he feared defendants' retaliation (*id.* at ¶ 55). Nevertheless, plaintiff reported the incident to YOH human resources once more but was allegedly admonished and told Campbell should report it to her own employer (*id.* at ¶¶ 56-57).

The amended complaint alleges that on January 14, 2020, Larkin approached plaintiff, asked him to recount the incident, and repeatedly asked why Campbell did not report it to human resources (*id.* at ¶ 61). According to the amended complaint, Larkin's manner was "belittling" and "sarcastic," and she wanted plaintiff to agree that "the conduct must not have been a big deal" since Campbell did not report it to human resources (*id.* at ¶¶ 59 & 61). Plaintiff alleges that, upon information and belief, Larkin wanted to make plaintiff concerned about his job and that Larkin "threateningly asked [him] when [his] contract ended" because "he [plaintiff] refused to back off" his allegations that Buccio sexually harassed Campbell (*id.* at ¶¶ 59 & 62).

*Communications about plaintiff's and Campbell's reports*

Plaintiff claims that Campbell then reported the alleged discrimination to Larkin (*id.* at ¶ 64). The amended complaint alleges upon information and belief that as part of the human resources' investigation into the report, Larkin informed Iannuzzi, Heckman, and Levinsohn about plaintiff's reports (*id.* at ¶ 68). The amended complaint also alleges upon information and belief that Iannuzzi "lobbied to ignore" plaintiff's and Campbell's reports due to Iannuzzi's friendship with Buccio (*id.* at ¶ 69).

---

[1] YOH Services LLC (YOH), a staffing agency, provided plaintiff's employment benefits. Plaintiff named YOH in the original complaint but subsequently discontinued this action against YOH.

**155162/2020 ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No. 004**

Page 3 of 17

In late January 2020, Seperson allegedly informed plaintiff he was on a phone call with human resources and "all the higher ups" about the reports discussing how the reports were "going to be taken care of" (*id.* at ¶ 70). Around this time, SI's senior producer of video strategy, nonparty Tom Mantzouranis (Mantzouranis), also told plaintiff that he was speaking with human resources and "the higher ups" regarding next steps (*id.* at ¶ 71). Plaintiff understood the "higher ups" to include Heckman, Levinsohn, Iannuzzi, and Larkin (*id.* at ¶ 72). Plaintiff claims that Iannuzzi refused to talk to plaintiff and to acknowledge him because of his reports (*id.* at ¶ 80).

*Assurances of employment and termination*

Throughout this time, plaintiff allegedly received several assurances of employment (*id.* at ¶¶ 49 & 63). According to plaintiff, in a January 23, 2020 meeting with the contractors, Levinsohn represented that his job as CEO was, among other things, to "hire and fire well, and solve problems" and that he would be responsible for hiring for available jobs (*id.*).

On February 24, 2020, plaintiff learned that the entire SI NOW team except plaintiff and Campbell received job offers (*id.* at ¶ 82). On February 25, 2020, SI and Maven formally terminated plaintiff (*id.* at ¶ 83). Plaintiff alleges, upon information and belief, that Iannuzzi, Heckman, Levinsohn, and Larkin, while fully aware of plaintiff's reports of harassment and potential retaliation, decided to terminate plaintiff's employment (*id.* at ¶ 84).

*Plaintiff's causes of action*

On July 21, 2021, plaintiff filed an amended complaint interposing two causes of action against defendants: the first cause of action for retaliation in violation of the NYSHRL and the second cause of action for retaliation in violation of the NYCHRL (*id.* at ¶¶ 89-94).

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No. 004**

**Page 4 of 17**

4 of 17

[* 4]

## DISCUSSION

### *Motion to Dismiss Standard*

*CPLR 3211 (a) (7)*

On a CPLR 3211 (a) (7) motion to dismiss, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (*David v Hack*, 97 AD3d 437, 438 [1st Dept 2012] [internal quotation marks and citation omitted]).

Additionally, "employment discrimination cases are . . . generally reviewed under notice pleading standards" (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009]). Under the liberal notice pleading standard, the plaintiff alleging employment discrimination is not required to plead specific facts to establish a prima facie case of discrimination (*id.*). Instead, the plaintiff only needs to give "'fair notice' of the nature of the claim and its grounds" (*id.* [citation omitted]; *see Petit v Department of Educ. of the City of N.Y.*, 177 AD3d 402, 403 [1st Dept 2019] ["Fair notice is all that is required to survive at the pleading stage"]).

### *The NYCHRL Claims & Failure to Satisfy Administrative Prerequisites*

Contrary to defendants' contention, Administrative Code § 8-502 (c) is not a precondition to suit. Administrative Code § 8-502 (c) states in relevant part that "[w]ithin 10 days after having commenced a civil action pursuant to subdivision a of this section, the plaintiff shall serve a copy of the complaint upon . . . authorized representatives [of the City Commission on Human Rights (NYCCHR) and Corporation Counsel]." In *Bernstein v 1995 Assoc.*, 217 AD2d 512 (1st Dept

155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC
Motion No. 004

Page 5 of 17

[* 5]

1995), the Appellate Division, First Department held that the language of Administrative Code § 8-502 (c) "was designed not to create a condition precedent, but to serve as a device by which the City Commission on Human Rights and the New York City Corporation Counsel would be apprised of any actions commenced under [T]itle 8" (*Bernstein*, 217 AD2d at 516; *see also Teller v America W. Airlines, Inc.*, 240 AD2d 727, 728 [2d Dept 1997]).

Here, plaintiff was not required to serve copies of the amended complaint on NYCCHR to commence or maintain the action. For the foregoing reasons, noncompliance with the service requirement of Administrative Code § 8-502 (c) does not mandate dismissal of this case.

### *ABG's employment relationship with and liability to plaintiff*

Defendants argue that the amended complaint must be dismissed against ABG because the complaint is entirely devoid of allegations that ABG was plaintiff's employer for the purposes of the NYSHRL or the NYCHRL under any theory of employment, including as joint employer or single employer with Maven or YOH. In opposition, plaintiff argues that the amended complaint alleges that ABG was Maven's corporate owner and, as such, plaintiff should be permitted to conduct discovery to establish whether indicia of an employment relationship were present.

To maintain a cause of action for employment discrimination under the NYSHRL and NYCHRL, "the plaintiff must allege the existence of an employment relationship" (*Cannizzaro v City of New York*, 82 Misc 3d 563, 573 [Sup Ct, NY County 2023]; *see* Executive Law § 296 [1] [a]; *see* Administrative Code § 8-107 [1] [a] [2-3]). To determine whether a non-employer is a joint employer, the Appellate Division, First Department, has adopted the immediate control test (*Brankov v Hazzard*, 142 AD3d 445, 446 [1st Dept 2016]). Under the immediate control test, the court may find a joint employer relationship where

155162/2020   ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC
Motion No.  004

Page 6 of 17

6 of 17

"the defendant had immediate control over the other company's employees, and particularly the defendant's control over the employee in setting the terms and conditions of the employee's work. Relevant factors in this exercise include commonality of hiring, firing, discipline, pay, insurance, records, and supervision" (*id.* [internal citations and quotation marks omitted]).

The most significant factor when applying the immediate control test is, "the extent of the employer's right to control the means and manner of the worker's performance" (*id.*). If the plaintiff can establish the requisite level of control, the remainder of the factors "are then of marginal importance" (*id.*).

The single employer doctrine imposes liability for violations of the NYSHRL and NYCHRL on entities that are part of a single enterprise (*Moraetis v Evans*, 150 AD3d 403, 404 [1st Dept 2017]). The single employer doctrine consists of "four criteria to determine whether two or more companies are sufficiently interrelated to constitute a single entity: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control of the entities in question" (*Lockwood v CBS Corp.*, 219 AD3d 1326, 1328 [2d Dept 2023] [internal quotation marks and citations omitted]; *see Batilo v Mary Manning Walsh Nursing Home Co., Inc.*, 140 AD3d 637, 638 [1st Dept 2016]). The most critical factor in this inquiry is whether there was centralized control of labor (*Lockwood*, 219 AD3d at 1328). Centralized control of labor may be found upon an examination of which "entity made the final decision regarding employment matters related to the person claiming discrimination" (*id.* [citations omitted]). This "requires some showing of a central human resources department" (*Batilo*, 140 AD3d at 638).

Despite plaintiff's contentions, the amended complaint fails to plead that ABG was the corporate owner of Maven. The amended complaint only alleges that ABG "is the owner of Sports Illustrated, and on June 18, 2019, sold to Defendant Maven Media Brand the operating

**155162/2020   ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**                    **Page 7 of 17**
**Motion No.  004**

[* 7]                                                         7 of 17

rights to manage Sports Illustrated" (NYSCEF Doc No. 22, amended complaint at ¶ 2). There is no allegation in the amended complaint identifying ABG as Maven's corporate owner.

The amended complaint is also entirely silent regarding ABG's involvement in operating SI or any authority it may have retained over SI after it transferred the operating rights. There are no allegations that anyone employed by Maven or SI took direction from ABG or that ABG paid their salaries, provided benefits, maintained personnel records, or performed any other function. There is nothing in the amended complaint that would satisfy the elements of the immediate control test or point to a centralized control of labor (*see Batilo*, 140 AD3d 637 at 637 [First Department reversing the trial court's denial of defendant Roman Catholic Archdiocese's motion to dismiss, where plaintiff's factual allegations failed to state any basis for a finding of a joint employment relationship with plaintiff's direct employers]; *Lockwood*, 219 AD3d at 1328 [Second Department dismissing complaint against defendant CBS Corporation, where plaintiff failed to sufficiently plead or evince facts that would support a finding of a single employer relationship]).

To the extent that plaintiff argues discovery will yield proof that ABG was a joint or single employer with Maven, the Appellate Division, First Department has held that "[t]he mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action" (*Mandarin Trading Ltd. v Wildenstein*, 65 AD3d 448, 451 [1st Dept 2009], *affd* 16 NY3d 173 [2011]) [citation omitted]; *see Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 144 [2017]). The excerpts from newspaper articles on which plaintiff relies in his opposition are insufficient to remedy the defects in the amended complaint. Even if this Court were to consider them, plaintiff provides such articles to buttress plaintiff's unsuccessful claim that discovery is necessary to obtain

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No.  004**

Page 8 of 17

factual support for his claims. Plaintiff cannot avoid dismissal of his claims against ABG, where the amended complaint is entirely devoid of allegations that could support a finding that ABG is an employer under any theory within the meaning of the NYSHRL and the NYCHRL. For the foregoing reasons, the amended complaint is dismissed against ABG in its entirety.

### Retaliation Claims Against the Individual Defendants

#### i. Retaliation under NYCHRL

Administrative Code § 8-107 [7] makes it "an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has . . . opposed any practice forbidden under this chapter . . ." (*see Nezaj v PS450 Bar and Rest.*, 719 F Supp 3d 318, 330 [SD NY 2024]). Under the NYCHRL, "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions 1 and 2 of this section" (Administrative Code § 8-107 [13] [a]).

To establish a retaliation claim under the NYCHRL, a plaintiff must demonstrate that "(1) [the plaintiff] participated in a protected activity known to defendants; (2) defendants took an employment action that disadvantaged [the plaintiff]; and (3) a causal connection exists between the protected activity and the adverse employment action" (*Fletcher v Dakota, Inc.*, 99 AD3d 43, 51-52). In *Fletcher*, the Court held that Administrative Code § 8-107 [7] should be construed "like other provisions of the City's Human Rights Law, broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*Fletcher, id.* at 51).

Under the NYCHRL, a plaintiff is not required to allege a materially adverse change in the terms and conditions of employment, but "that the retaliatory or discriminatory act . . .

**155162/2020 ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No. 004**

**Page 9 of 17**

9 of 17

complained of [was] reasonably likely to deter a person from engaging in protected activity" (Administrative Code § 8-107 [7]). It is well-settled that "the language of the City HRL does not permit any type of challenged conduct to be categorically rejected as nonactionable" (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 71 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]).

In the case cited by defendants, *Doe v Bloomberg L.P.*, 36 NY3d 450, 459 (2021), the Court of Appeals held that

> "where a plaintiff's employer is a business entity, the shareholders, agents, limited partners, and employees of that entity are not employers within the meaning of the City HRL. Rather, those individuals may incur liability only for their own discriminatory conduct, for aiding and abetting such conduct by others, *or for retaliation against protected conduct*" (*id.* at 459 [emphasis supplied], citing Administrative Code § 8–107 [1], [6], [7]; *see also* Executive Law § 292 [5]).

The Court found that defendant CEO Bloomberg was not liable as an employer under the NYCHRL, where the plaintiff had not alleged that Bloomberg personally participated in the alleged discriminatory conduct (*Doe*, 36 NY3d at 453, 463). The NYCHRL "is clear as to when an employer is liable: for the employer's own offending conduct and vicariously for some actions of others" (*id.* at 455).

> *ii.     Retaliation under NYSHRL*

Under the NYSHRL, "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article" (Executive Law § 296 [7]). To establish a claim of unlawful retaliation under the NYSHRL, the complaint must allege that (1) plaintiff has engaged in protected activity, (2) defendants were aware that plaintiff participated in such activity, (3) plaintiff experienced an adverse employment action because of that activity, and (4) there was a causal connection between the protected activity and the adverse

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No.  004**

**Page 10 of 17**

10 of 17

[* 10]

action (*Fletcher v Dakota, Inc.*, 99 AD3d at 51, citing *Forrest v Jewish Guild for the Blind*, 3 NY3d 245, 312-313 [2004]).

It is well settled that "[a]n employee engages in a 'protected activity' by 'opposing or complaining about unlawful discrimination'" (*Black v ESPN, Inc.*, 70 Misc 3d 1217[A], 2021 NY Slip Op 50118[U], *17 [Sup Ct, NY County 2021], citing *Forrest*, 3 NY3d 295 at 313; *see Sorrentino v Bohbot Entertainment and Media*, 265 AD2d 245, 245 [1st Dept 1999] [Plaintiff's actions of encouraging the co-employee to bring her sexual harassment claim to the company, and his subsequent statements relaying what he knew of the claims, constituted "opposition" to practices forbidden by both the State and City Human Rights Laws, and therefore were actions protected against retaliatory employment practices]).

Regarding the knowledge element of a retaliation claim, "nothing more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity" (*Seemungal v New York State Dept. of Fin. Servs.*, 222 AD3d 467, 468 [1st Dept 2023] [internal quotation marks and citation omitted]).

To be adverse, it has traditionally been required that an employment action constitute "a materially adverse change in the terms and conditions of employment . . . , [which is] more disruptive than a mere inconvenience or an alteration of job responsibilities" (*Forrest*, 3 NY3d at 306). Examples of adverse employment actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities" (*id.* [citation omitted]).

Further, it has been held that "[a] causal connection between a protected activity and a negative employment outcome may be reasonably inferred from the passing of a brief period of time between the two" (*Gershenson v Local 52,* 2022 NY Slip Op 32546[U], *7 [Sup Ct, NY

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
Motion No. 004

Page 11 of 17

11 of 17

County 2022]; *see Ramos v Metro-North Commuter R.R.*, 194 AD3d 433, 434 [1st Dept 2021] ["The temporal proximity between plaintiff's EEOC complaint and the incident leading up to her termination, and her termination raise an issue of fact as to a causal connection, as these events occurred within weeks of each other"] [citation omitted]; *Bateman v Montefiore Med. Ctr.*, 183 AD3d 489, 490-491 [1st Dept 2020]).

The NYSHRL was amended in August 2019 to "require an independent liberal analysis to accomplish remedial purposes, as well as narrow construction of exceptions and exemptions" (*Golston-Green v City of New York*, 184 AD3d 24, 35 n 1 [2d Dept 2020]; *Brown v New York City Dept. of Educ.*, 2023 NY Slip Op 30106[U], *11 [Sup Ct, NY County 2023]). While the decisional authority applying the law after the 2019 amendments is limited, courts presented with this issue have interpreted the amendment as instructing the "courts to apply a liberal construction of the statute so thus the approach of the NYCHRL should be applied in reviewing retaliation claims under the NYSHRL" (*Rivas v Intl Academy of Hope*, 83 Misc 3d 1289[A], 2024 NY Slip Op 51253[U], *24 [Sup Ct, NY County 2024]; *Hunold v City of New York*, 83 Misc 3d 1288[A], 2024 NY Slip Op 51241[U], *5 n 4 [Sup Ct, NY County 2024]; *Cannizzaro v City of New York*, 82 Misc 3d 563, 577 [Sup Ct, NY County 2023]; *see* Executive Law § 300 ["The provisions of this article shall be construed liberally for the accomplishment of the remedial purposes thereof"]).

### iii.    Analysis

Contrary to defendants' claims, plaintiff's amended complaint contains factual allegations sufficient to support his claims under the NYSHRL and NYCHRL. Plaintiff alleges that he made several reports regarding Buccio's conduct toward Campbell (NYSCEF Doc. No 22, amended complaint at ¶¶ 47-48, 56, 61 & 78) (*see Sorrentino*, 265 AD2d at 245). According

**155162/2020   ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No.  004**

Page 12 of 17

[* 12]

12 of 17

to the amended complaint, upon information and belief, Larkin informed Iannuzzi, Heckman, and Levinsohn about the reports as part of the human resources investigation (*id.* at ¶ 68). Plaintiff also alleges that in late January 2020, Seperson and Mantzouranis told plaintiff about the conversations with human resources and the higher-ups concerning the reports (*id.* at ¶¶ 70-72). Plaintiff alleges that he understood the "higher-ups" to include Iannuzzi, Heckman, Levinsohn, and Larkin (*id.* at ¶ 72).

Defendants argue the allegations that the individual defendants knew about plaintiff's reports are impermissibly made upon information and belief. However, "dismissal is not required at the pleading stage where allegations made 'upon information and belief' can be ascertained through discovery" (*Gibson v 526 W. 158th St. Hous. Dev. Fund Corp.*, 221 AD3d 455, 455-456 [1st Dept 2023], citing *Harris v Structuretech N.Y., Inc.*, 191 AD3d 470, 471 [1st Dept 2021]). Plaintiff's allegations that Larkin informed the individual defendants about the reports and that they participated in conversations discussing the handling of plaintiff's discrimination complaints are factual allegations that can be determined through discovery.

Additionally, since plaintiff was not privy to the alleged communications between Seperson, Mantzouranis, human resources, and the "higher-ups," plaintiff is "not necessarily expected, before disclosure, to make more specific allegations regarding defendants' knowledge" (*Artis v Random House, Inc.*, 34 Misc 3d 858, 865 [Sup Ct, NY County 2011]; *see Krause v Lancer & Loader Group, LLC*, 40 Misc 3d 385, 395 [Sup Ct, NY County 2013]). Since "[t]he function of a liberal notice pleading standard is precisely to permit an opportunity for such disclosure" (*Artis*, 34 Misc 3d at 866, citing *Mohammad v Board of Mgrs. of 50 E. 72nd St. Condominium*, 262 AD2d 76 [1st Dept 1999]), plaintiff's amended complaint has adequately pled that he engaged in protected activity and that defendants had knowledge of it.

**155162/2020 ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No. 004**

**Page 13 of 17**

[* 13]

13 of 17

Since plaintiff and Campbell reported the alleged discrimination and harassment and were the only members of their team who were terminated (NYSCEF Doc. No 22, amended complaint at ¶ 82), plaintiff sufficiently pled an adverse employment action and that defendants took an employment action that disadvantaged him.

Finally, plaintiff adequately alleged a causal connection between his reports and termination because less than two months passed between the reports of discrimination, the conversations with the "higher-ups" and plaintiff's termination (NYSCEF Doc No. 22, amended complaint at ¶¶ 47-48, 56, 61, 70-72, 78, & 82-84).

Since defendants have not moved to dismiss plaintiff's first cause of action for retaliation against defendant Maven, this Court need not test the sufficiency of plaintiff's NYSHRL retaliation claims against Maven. Defendants however move to dismiss plaintiff's NYCHRL claim as against Maven. Plaintiff has sufficiently stated a cause of action for retaliation against Maven pursuant to the NYCHRL because, under the statute, Maven is subject to liability for the unlawful retaliatory conduct of an employee (*see, e.g.*, *Sandiford v City of N.Y. Dept. of Educ.*, 22 NY3d 914, 915 [2013]; *Boliak v Reilly*, 161 AD3d 625, 626 [1st Dept 2018]).

Here, plaintiff has adequately pled a retaliation cause of action against the individual defendants under the NYSHRL and NYCHRL, other than Buccio. The amended complaint claims that Larkin approached plaintiff about Campbell's complaints (*id.* at ¶ 61). Larkin allegedly threateningly questioned plaintiff about his contract ending (*id.* at ¶ 62) and took part in the conversations regarding what to do about plaintiff's reports (*id.* at ¶¶ 70-72), shortly after which Maven terminated him (*id.* at ¶¶ 82-83). Plaintiff alleges that Iannuzzi was involved in every single decision at the studio (*id.* at ¶ 20), exercised significant control over his work (*id.* at ¶ 26), lobbied to ignore plaintiff's complaints (*id.* at ¶ 69), refused to talk to plaintiff or

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No.  004**

**Page 14 of 17**

14 of 17

acknowledge plaintiff after plaintiff made the reports (*id.* at ¶ 80), and also allegedly participated in the conversations with the "higher-ups" (*id.* at ¶ 72). The amended complaint alleges that Heckman and Levinsohn had hiring and firing authority (*id.* at ¶¶ 17-18 & 63) and previously laid off staff and hired new managers (*id.* at ¶ 17). The amended complaint also pleads that Heckman and Levinsohn, who allegedly knew about plaintiff's protected activity, participated in the decision-making process regarding plaintiff's reports shortly before plaintiff was terminated (*id.* at ¶¶ 68, 70-72). Contrary to defendants' assertions, Heckman and Levinsohn are not exempt from potential liability for retaliatory conduct under the NYSHRL and the NYCHRL simply because of their status as senior executives. *Doe v Bloomberg* does not bar an action against an officer, where the officer engaged in retaliatory conduct (*Doe*, 36 NY3d at 459).

Maven terminated plaintiff shortly after the conversations about how to handle plaintiff's reports, which allegedly included Larkin, Iannuzzi, Heckman, and Levinsohn. Thus, the amended complaint adequately pleads that these individual defendants, all of whom allegedly knew about Campbell's protected activity, participated in the decision-making process regarding plaintiff's reports shortly before he was terminated. For the forgoing reasons, plaintiff sufficiently pled, at this stage of litigation, that Larkin, Iannuzzi, Levinsohn, Heckman, and Maven, as their employer, engaged in unlawful retaliatory conduct.

Plaintiff, however, fails to sufficiently plead retaliatory conduct by Buccio under either the NYSHRL or NYCHRL. While plaintiff alleges several times that he feared retaliation (NYSCEF Doc No. 22, amended complaint at ¶¶ 48, 55, 62, & 64), the complaint fails to describe a single incident in which Buccio's conduct toward him was so adverse as to deter a person from reporting discriminatory behavior. Plaintiff also fails to allege that Buccio was involved in the conversations about the reports or had any hiring or firing authority that could

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No. 004**

**Page 15 of 17**

[* 15]

15 of 17

have contributed to plaintiff's termination. Therefore, plaintiff's amended complaint is dismissed against Buccio in its entirety.

**CONCLUSION**

Accordingly, it is hereby

ORDERED that the motion of defendants Authentic Brands Group LLC and Edward Buccio to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendants, with costs and disbursements to said defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendants; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissals and that all future papers filed with the court bear the amended caption; and it is further

**155162/2020   ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No.  004**

Page 16 of 17

16 of 17

ORDERED that remaining defendants are directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

Janua 15, 2025

**DATE**

_____

**SHLOMO S. HAGLER, J.S.C.**

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155162/2020  ROZWADOWSKI, ADAM vs. AUTHENTIC BRANDS GROUP LLC**
**Motion No.  004**

**Page 17 of 17**

17 of 17

[* 17]